In re ESTATE OF LAURENCE T. BROWN, a Minor (Gene Brown *et al.*, Petitioners-Appellees, v. Sharon M. Brown, Respondent-Appellant).

Fourth District   No. 4—89—0393

Opinion filed December 31, 1990.—Rehearing denied January 30, 1991.

Frederick F. Cohn and Joyce A. Matuzak, both of Chicago, for appellant.

Joseph W. Vigneri, of Decatur, for appellees.

Mark D. Gibson, of Decatur, guardian *ad litem*.

JUSTICE KNECHT delivered the opinion of the court:

This action involves an intrafamilial dispute over the guardianship of a minor child. (Ill. Rev. Stat. 1985, ch. 110½, par. 11—7.) The petitioners, Gene and Glenda Brown, are the maternal grandfather of the minor child and his wife. The respondent, Sharon M. Brown, is the natural mother of the minor child. Petitioners were named co-guardians by the circuit court of Macon County, and respondent appeals. We affirm.

On July 30, 1986, the petitioners filed a petition for guardianship over the minor child in the circuit court of Macon County, Illinois. The petition, as later amended, alternately alleged: (1) the respondent was unfit as a parent to have custody of the minor child; (2) the petitioners were fit persons to have custody of the minor child; and (3) it would be in the best interest of that child to appoint the petitioners as his legal guardians for custody purposes. (Ill. Rev. Stat. 1985, ch. 110½, par. 11—7.) On December 5, 1988, the circuit court entered a memorandum decision awarding child custody to the petitioners and visitation rights to the respondent. On January 12, 1989, the respondent filed a motion for reconsideration of the memorandum decision. On March 7, 1989, the circuit court entered an order appointing the petitioners as co-guardians over the minor child. On March 27, 1989, the respondent filed her notice of appeal in the action.

The respondent raises three issues on appeal: (1) whether the guardianship provision of the Probate Act of 1975 (Act) is unconstitutional (Ill. Rev. Stat. 1987, ch. 110½, par. 11—7); (2) whether the petitioners lack standing to initiate the proceeding for guardianship over the minor child (Ill. Rev. Stat. 1987, ch. 40, par. 601(b)(2)); and (3) whether the appointment of the petitioners as co-guardians over the minor child is against the manifest weight of the evidence.

We first address the merits of a procedural motion taken with this action on appeal. The petitioners contend the brief filed by the respondent is not in compliance with the procedural practice rules governing appeals. (See 107 Ill. 2d Rules 323, 326, 341, 342.) Petitioners request both the brief be stricken and the appeal be dismissed as sanctions for failure to comply with these rules.

■■ The procedural practice rules have the force of law in Illinois. (*Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 1031, 369 N.E.2d 201, 204.) Litigants must comply with these rules in filing their briefs

on appeal. Absent substantial compliance with the procedural practice rules, we may, in the proper exercise of discretion, sanction that litigant by striking the brief and dismissing the appeal. *Mead v. Board of Review* (1986), 143 Ill. App. 3d 1088, 1092, 494 N.E.2d 171, 174-75.

■ We have examined the brief of the respondent in light of the procedural challenge. The brief of the respondent does not so flagrantly violate the cited practice rules as to preclude review of the cause on appeal. "[W]here none of the purported violations of [the procedural practice rules] are so flagrant as to hinder or preclude review, then either the striking of a brief or the dismissal of an appeal is *** unwarranted." (*In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 91, 507 N.E.2d 912, 916.) Accordingly, we deny the motion of the petitioners.

The respondent initially contends the guardianship provision of the Act is unconstitutional. (Ill. Rev. Stat. 1987, ch. 110½, par. 11—7.) We disagree.

■ As a historical matter, the United States Supreme Court has accorded great deference to the relationship between parent and child in its decisions. (*Parham v. J.R.* (1979), 442 U.S. 584, 602, 61 L. Ed. 2d 101, 118, 99 S. Ct. 2493, 2504.) A summary of that decisional course offers enlightening commentary on familial relations:

"The rights to conceive and to raise one's children have been deemed 'essential,' *Meyer v. Nebraska* [(1923)], 262 U.S. 390, 399[, 67 L. Ed. 1042, 1045, 43 S. Ct. 625, 626], 'basic civil rights of man,' *Skinner v. Oklahoma* [(1942)], 316 U.S. 535, 541[, 86 L. Ed. 1655, 1660, 62 S. Ct. 1110, 1113], and '[r]ights far more precious...than property rights,' *May v. Anderson* [(1953)], 345 U.S. 528, 533[, 97 L. Ed. 1221, 1226, 73 S. Ct. 840, 843]. 'It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.' *Prince v. Massachusetts* [(1944)], 321 U.S. 158, 166[, 88 L. Ed. 645, 652, 64 S. Ct. 438, 442]." *Stanley v. Illinois* (1972), 405 U.S. 645, 651, 31 L. Ed. 2d 551, 558-59, 92 S. Ct. 1208, 1212-13.

Illinois law, in accordance with these decisions, defers in the first instance to the relationship between parent and child in both custody and guardianship proceedings. (*People ex rel. Edwards v. Livingston* (1969), 42 Ill. 2d 201, 247 N.E.2d 417; *In re Custody of Townsend* (1981), 86 Ill. 2d 502, 427 N.E.2d 1231.) That law, as expressed in the Act, provides:

"If both parents of a minor are living and are competent to

transact their own business and are fit persons, they are entitled to the custody of the person of the minor and the direction of his education. If one parent is dead and the surviving parent is competent to transact his own business and is a fit person, he is similarly entitled. The parents have equal powers, rights and duties concerning the minor. If the parents live apart, the court for good reason may award the custody and education of the minor to either parent or to some other person." Ill. Rev. Stat. 1987, ch. 110½, par. 11—7.

■■ This section represents a codification of the long-standing superior rights doctrine. (*Livingston*, 42 Ill. 2d at 209-10, 247 N.E.2d at 422; see also *In re Person & Estate of Newsome* (1988), 173 Ill. App. 3d 376, 379, 527 N.E.2d 524, 525.) Under that doctrine, a natural parent is presumed to have a superior right to the care, control, and custody of minor children. The superior rights doctrine is not absolute. A natural parent may be required to yield custody rights if the best interests of a minor child will be served. *Livingston*, 42 Ill. 2d at 208-10, 247 N.E.2d at 421-22; *Townsend*, 86 Ill. 2d at 508-09, 427 N.E.2d at 1234-35.

■■ The equal protection challenge is not persuasive. (See *Montgomery v. Roudez* (1987), 156 Ill. App. 3d 262, 269-70, 509 N.E.2d 499, 504-05.) Respondent contends the statute sets up an unreasonable and discriminatory classification so that parents who live apart are treated differently than parents who live together. We do not view the statute in this light.

Respondent claims that this discriminatory classification arises because, under section 11—7 of the Act, a child may be removed from parents who live together or from a surviving parent *only* after a finding that such parent is not a "fit person," whereas if the parents live apart, no such finding is required. In *Townsend*, however, the supreme court construed that section as requiring a third party seeking to obtain custody of a child to "demonstrate good cause or reason to overcome the presumption that a parent has a superior right to custody and further [to] show that it is in the child's best interests that the third party be awarded the care, custody and control of the minor." (*Townsend*, 86 Ill. 2d at 510-11, 427 N.E.2d at 1235-36.) The phrase, to "demonstrate good cause or reason to overcome the presumption that a parent has a superior right to custody" is legally equivalent to requiring a demonstration that a parent is not "fit." Thus, as so construed, *all* parents under section 11—7 of the Act must be shown to be not fit. (We note parenthetically that the parent of whom the supreme court was speaking in *Townsend* was the father,

who was living apart from the mother, thus making clear the application of the language quoted from *Townsend* to parents described in the last sentence of section 11—7.)

In light of this statutory interpretation, the respondent cannot establish any disparity in the treatment of litigant parents in guardianship proceedings. (*Helvey v. Rednour* (1980), 86 Ill. App. 3d 154, 158-59, 408 N.E.2d 17, 21.) That interpretation subordinates the operation of the superior rights doctrine within the context of the best interest standard. *Livingston*, 42 Ill. 2d at 208-10, 247 N.E.2d at 421-22; *Townsend*, 86 Ill. 2d at 508-09, 427 N.E.2d at 1234-35.

■ The due process challenge of the respondent also fails. (See *Montgomery*, 156 Ill. App. 3d at 269, 509 N.E.2d at 504.) The respondent was accorded her full evidentiary rights at a fair hearing on the guardianship petition. (Ill. Rev. Stat. 1985, ch. 110½, par. 11—10.1.) The statute permits the court to award custody to either parent or a third party only if a good reason is demonstrated and it is in the best interests of the child. Thus, petitioners first had to meet a limited standing requirement, which we will discuss below, to go forward on the petition. Then, the petitioners were required to prove a good reason existed for the award of custody to some person other than respondent. They did so here by showing respondent had serious parental deficiencies relating to health, finances, and stability. While the trial court did not specifically find neglect on her part, it is clear from the findings she neglected her son by near abandonment, by abusing her body with drugs and alcohol while pregnant, and by not providing a stable home for him. Then, petitioners proved to the trial court's satisfaction it was in the child's best interests custody be awarded to them. We conclude this framework accorded due process to respondent.

After carefully weighing the evidence on the welfare of the minor child, the circuit court entered an order awarding custody to the petitioners and visitation to the respondent. Contrary to her contention, the respondent has not suffered a total deprivation of her parental rights under this order. The respondent is free to develop and foster her familial relationship with the minor child in the hopeful expectation of terminating guardianship. (See *In re Estate of Becton* (1985), 130 Ill. App. 3d 763, 773-74, 474 N.E.2d 1318, 1326.) While there are no specific review procedures under the Act, the respondent, who now has visitation rights, might well in the future seek expanded visitation and a return of custody to her. The guardianship order did not terminate her parental rights or permanently bar her from ever being her son's custodian or guardian.

The respondent next contends the petitioners lack standing to initiate a proceeding for guardianship over the minor child. (Ill. Rev. Stat. 1985, ch. 40, par. 601(b)(2).) We find no merit in this contention. See *In re Custody of McCarthy* (1987), 157 Ill. App. 3d 377, 380-81, 510 N.E.2d 555, 556-57.

■ A review of the record indicates the respondent failed to raise any argument on standing in the circuit court. Arguments not raised in the circuit court are deemed to have been waived on appeal. See *Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 508, 524 N.E.2d 561, 582.

Were we to address the standing of the petitioners to initiate this guardianship proceeding, we would find standing exists.

■ As a jurisdictional matter, the petitioners had to satisfy a limited standing requirement to file their petition for guardianship over the minor child. (See *Newsome*, 173 Ill. App. 3d at 379, 527 N.E.2d at 525.) That requirement provides in pertinent part:

"(b)  A child custody proceeding is commenced in the court:

* * *

(2) *by a person other than a parent*, by filing a petition for custody of the child in the county in which he is permanently resident or found, *but only if he is not in physical custody of one of his parents.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 40, par. 601(b)(2).)

The limited standing requirement thus protects both the custody rights of the natural parent and the environmental stability of the minor child. See *In re Custody of Menconi* (1983), 117 Ill. App. 3d 394, 396-97, 453 N.E.2d 835, 838; Ill. Rev. Stat. 1985, ch. 40, pars. 601, 602(a)(4), (a)(5).

■ There is no litmus test to determine standing. The determination depends on the particular facts of the individual guardianship action. (*In re Marriage of Carey* (1989), 188 Ill. App. 3d 1040, 1047, 544 N.E.2d 1293, 1297.) The facts of obvious importance here concern the legal incidents of custody: (1) who has immediate physical possession of the minor child; (2) how that person took over control; and (3) the nature, manner, and duration of possession. (*In re Marriage of Santa Cruz* (1988), 172 Ill. App. 3d 775, 783, 527 N.E.2d 131, 136.) Accordingly, the standing requirement is satisfied when the petitioners depend on the voluntary, not fortuitous, relinquishment of child custody. See *In re Custody of Peterson* (1986), 112 Ill. 2d 48, 53-55, 491 N.E.2d 1150, 1152-53.

■ In this action, the respondent voluntarily relinquished some degree of control of the minor child to the petitioners. The respondent

entered a rehabilitation program for substance abuse following the birth of the minor child in late February 1986. She arranged for the petitioners to assume care, control, and custody of the minor child in that interim time period. The respondent then moved into the residence of the petitioners upon her release from the rehabilitation program in late March 1986. She left alone from that residence without explanation, remaining incommunicado, during the time period between mid-April and early June 1986. In July 1986 she signed a notarized document designed to grant petitioners permission to care for the child and to obtain medical or other care for him. The respondent reestablished contact through visitation on a somewhat sporadic basis. Under these circumstances, the respondent has defaulted on her parental responsibilities, leaving an integrated familial relationship between the minor child and the petitioners. See *Menconi*, 117 Ill. App. 3d at 398-99, 453 N.E.2d at 839.

The respondent last contends the appointment of the petitioners as co-guardians over the minor child is against the manifest weight of the evidence. We disagree.

The circuit court had the superior opportunity to determine custody in accordance with the best interests of the minor child. That appointment will not be disturbed unless contrary to the manifest weight of the evidence. *Becton*, 130 Ill. App. 3d at 769, 474 N.E.2d at 1323.

The best interest standard considers both the present and the prospective welfare of the minor child. Such consideration is not the simplest of matters. (*Eaton v. Eaton* (1977), 50 Ill. App. 3d 306, 313, 365 N.E.2d 647, 653; Ill. Rev. Stat. 1985, ch. 40, par. 602.) It requires a deep appreciation of the emotional impact that both custodial and guardianship determinations have on any familial relationship between litigants. See *Smith v. Organization of Foster Families for Equality & Reform* (1977), 431 U.S. 816, 833, 53 L. Ed. 2d 14, 28, 97 S. Ct. 2094, 2103.

On appeal, we must view the evidence in the light most favorable to the litigant prevailing below in the action. (*Becton*, 130 Ill. App. 3d at 770, 474 N.E.2d at 1324.) Applying this rule, we find the guardianship appointment is not contrary to the manifest weight of the evidence. An integrated familial relationship already exists between the minor child and the petitioners. They have sufficient resources to meet the reasonable needs of the minor child. It is a stable home with a wholesome environment. In contrast, the respondent has yet to establish a meaningful familial relationship with the minor child. She is barely self-supporting in the aftermath of bankruptcy.

Her personal life-style lacks any continuous pattern of stability. The record and the trial court's findings recount a myriad of problems which we need not recount that clearly support the guardianship order. Giving consideration to respondent's superior right as a natural parent as required by *Townsend*, the best interest standard still clearly requires the minor child remain in the custody of the petitioners. See *Montgomery*, 156 Ill. App. 3d at 267-68, 509 N.E.2d at 503-04.

The order of the Macon County circuit court as to guardianship over the minor child is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.