*In re* PERSON AND ESTATE OF EVA MARIE BARNHART, a Minor (Wayne Starr, Sr., *et al.*, Petitioners-Appellants, v. Michael Barnhart, Sr., *et al.*, Respondents-Appellees).

Second District   No. 2—91—1225

Opinion filed July 30, 1992.

Al Henry Williams, of Dixon, for appellants.

Susan L. Bursztynsky and Bernard H. Shapiro, both of Prairie State Legal Services, Inc., of Ottawa, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Petitioners Wayne Starr, Sr., and Gladys M. Starr appeal from the dismissal of their petition for guardianship of their minor granddaughter, Eva Marie Barnhart (Eva). The sole issue raised on appeal is whether the trial court erred in granting the motion to dismiss filed by respondents Michael Barnhart, Sr., and Jeannette Barnhart, Eva's parents, based upon the court's determination that petitioners lacked standing to bring the guardianship action. We affirm.

On May 1, 1991, petitioners filed their petition seeking guardianship of Eva. The petition was filed as a probate action and stated that Eva's birth date was March 24, 1975. Eva's address was listed as 1516 West River Street, Dixon, Illinois, which was also the address listed for Eva's parents. The petition further stated that petitioners were Eva's maternal grandparents and that:

"It is necessary or convenient that a Guardian of the person of the minor be appointed *** because it is in the best interests of the minor that said minor reside with Petitioners due to the fact that said minor's present environment is detrimental to the mental and physical well-being of said minor child."

Petitioners asked that they be appointed Eva's guardians.

A guardian *ad litem* was appointed to represent Eva on May 13, 1991. On June 10, 1991, the court awarded temporary guardianship of Eva to petitioners. On June 12, 1991, respondents filed their motion to dismiss the petition. They alleged that Eva, who was living with respondents, failed to return home after school on April 30, 1991. Respondents were notified later that day that Eva had gone to petitioners' house and that petitioners planned to seek custody of Eva. Respondents further alleged that they had not voluntarily relinquished custody of Eva and that petitioners therefore lacked standing to file the action under article XI of the Probate Act of 1975 (Probate Act) (Ill. Rev. Stat. 1991, ch. 110½, pars. 11—1 through 11—18). Respondents also filed a memorandum of law in support of the motion.

Petitioners filed a response and alleged that, under the Probate Act, the standard to apply in determining guardianship is the best interests of the child. They also argued that, under the Probate Act, a minor who is 14 years of age or more may nominate the guardian of her person or estate, subject to the approval of the court.

A hearing was held regarding the motion to dismiss, and, on August 15, 1991, the court issued a memorandum opinion and order. The court relied on *In re Person & Estate of Newsome* (1988), 173 Ill. App. 3d 376, 379, which held that the standing requirement set out in

section 601(b)(2) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1991, ch. 40, par. 601(b)(2)) applies to guardianship proceedings under the Probate Act. The court therefore granted the motion to dismiss and stated that, in order to have standing, petitioners had to meet the requirement set out in section 601(b)(2) of the Marriage Act and "must allege and prove that the child was 'not in the physical custody of one of (her) parents' at the time the petition was filed." The court did state that it did not believe that *Newsome* was correctly decided. It also granted petitioners leave to amend the petition within 14 days.

On August 21, 1991, petitioners filed an amended petition which still listed Eva's address as that of her parents but included an allegation that, at the time of filing the petition, Eva was in the physical custody of petitioners and was not in the physical custody of one or both of her parents. On August 28, 1991, petitioners filed a second amended petition which stated that Eva resided at 407 Jackson Avenue, Dixon, Illinois, which was petitioners' address.

Respondents filed another motion to dismiss on September 12, 1991, again arguing that petitioners lacked standing because respondents had not voluntarily relinquished custody of the child. Respondents' motion was granted on September 24, 1991. Petitioners filed a timely notice of appeal on October 24, 1991.

Following the trial court's order, respondents filed a petition for rule to show cause alleging that petitioners had willfully refused or failed to comply with the court's order by failing to return the minor child to her parents. The trial court dismissed the petition in a memorandum opinion on December 4, 1991. The court concluded that the cause had terminated and that it did not have the authority to order any party to do anything.

On appeal, petitioners argue that they had standing to petition for the guardianship of Eva under the Probate Act. They contend that *Newsome* was wrongly decided, arguing that the Probate Act does not require that a minor child "not be in the physical custody of either of his parents" in order for a nonparent to seek guardianship. They further assert that the "superior rights of parents language was not and should not be part of the Probate Act unless legislatively adopted through the legal process." They contend that the correct standard for determining standing under the Probate Act, the best interests of the child, is set out in *In re Estate of Brown* (1990), 207 Ill. App. 3d 139. They finally argue that, as Eva is over 14, she had the right, under the Probate Act, to choose her guardians.

In *Newsome*, the grandparents of the minor children filed a petition under the Probate Act seeking to be appointed guardians of the children. The court held that the grandparents had to meet the standing requirement set out in the Marriage Act in order to proceed under the Probate Act. *Newsome*, 173 Ill. App. 3d at 379.

■■ The *Newsome* court first discussed the "superior rights doctrine." (*Newsome*, 173 Ill. App. 3d at 379.) This doctrine provides that " '[i]n child-custody disputes it is an accepted presumption that the right or interest of a natural parent in the care, custody and control of a child is superior to the claim of a third person.' " (*In re Custody of Peterson* (1986), 112 Ill. 2d 48, 51, quoting *In re Custody of Townsend* (1981), 86 Ill. 2d 502, 508.) The *Newsome* court then noted that the superior rights doctrine is incorporated into the Marriage Act through the standing requirement of section 601(b)(2) which provides that, in order for a nonparent to have standing to seek custody of a child, the child must not be " 'in the physical custody of one of his parents.' " (*Newsome*, 173 Ill. App. 3d at 378, quoting section 601(b)(2) of the Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 601(b)(2)).) The court recognized that the superior rights doctrine has also been made part of the Probate Act (Ill. Rev. Stat. 1991, ch. 110½, par. 11—7) and concluded:

> "Because of the statutory adoption of the superior rights doctrine into the Probate Act, we find the standing requirement of the Marriage Act applies equally to the guardianship proceedings of the Probate Act." *Newsome*, 173 Ill. App. 3d at 379.

Section 11—7 of the Probate Act provides, in relevant part:

> "If both parents of a minor are living and are competent to transact their own business and are fit persons, they are entitled to the custody of the person of the minor and the direction of his education." (Ill. Rev. Stat. 1991, ch. 110½, par. 11—7.)

This section has been recognized as a codification of the superior rights doctrine. (*In re Estate of Brown* (1990), 207 Ill. App. 3d 139, 144.) We therefore must agree with the *Newsome* court that the superior rights doctrine has been incorporated into the Probate Act. Petitioners' argument that *Newsome* was incorrectly decided because the superior rights of parents language was not part of the Probate Act must fail.

■■ We also conclude that *Newsome* correctly sets out the standing requirement for a petition for guardianship brought under the Probate Act. We recently cited the holding of *Newsome* with favor in *Hanson v. McGowan* (1990), 197 Ill. App. 3d 708, 713, and in *In re Marriage of Carey* (1989), 188 Ill. App. 3d 1040, 1046-47. Thus, we

conclude that petitioners had to allege and prove that Eva was not in the physical custody of one of her parents in order to have standing to bring their petition.

The case cited by petitioners, *In re Estate of Brown* (1990), 207 Ill. App. 3d 139, does not support their argument and, in fact, provides additional support for our conclusion. In *Brown*, the appellate court held that the trial court properly granted the petition of the grandparents for guardianship of the minor child based upon the best interests of the child. However, the court first noted that the child's mother waived the issue of the grandparents' standing to bring the petition under the Probate Act by failing to raise it in the trial court. (*Brown*, 207 Ill. App. 3d at 146.) The court went on to state, however, that, if it did consider the standing issue, it would find that standing existed. *Brown*, 207 Ill. App. 3d at 146.

The *Brown* court cited *Newsome* and section 601(b)(2) of the Marriage Act and determined that, for the grandparents to satisfy the limited standing requirement to file their petition for guardianship, the minor child could not be in the physical custody of one of his parents. (*Brown*, 207 Ill. App. 3d at 146.) The court stated that "the standing requirement is satisfied when the petitioners depend on the voluntary, not fortuitous, relinquishment of child custody." (*Brown*, 207 Ill. App. 3d at 146, citing *Peterson*, 112 Ill. 2d at 53-55.) The court then determined that the mother in that case "voluntarily relinquished some degree of control of the minor child to the petitioners" and that the grandparents thus had standing to file their guardianship petition. *Brown*, 207 Ill. App. 3d at 146-47.

Therefore, while the court in *Brown* ultimately addressed the issue of the best interests of the child, it was only after it addressed the issue of standing and determined that the grandparents had standing based upon the mother's waiver of the issue and based upon the standing requirement set out in *Newsome*. Petitioners' argument that they have standing based upon the best interests of the child puts the cart before the horse. It is only after a nonparent has established standing that the court determines custody or guardianship using the best interests of the child standard. See *Brown*, 207 Ill. App. 3d at 146; *In re Marriage of Sechrest* (1990), 202 Ill. App. 3d 865, 870; *Hanson v. McGowan* (1990), 197 Ill. App. 3d 708, 711.

Relying upon section 11—5 of the Probate Act (Ill. Rev. Stat. 1991, ch. 110½, par. 11—5), petitioners have also argued that Eva could choose her guardian as she is over 14. Petitioners are apparently arguing that this provision gives them standing to file a guardi-

anship petition as Eva has chosen them to be her guardians. This argument, too, must fail.

■ Section 11—5(c) provides, in pertinent part:

"If the minor is 14 years of age or more, he may nominate the guardian of his person and of his estate, subject to approval of the court." (Ill. Rev. Stat. 1991, ch. 110½, par. 11—5(c).)

This provision does not affect the superior rights doctrine incorporated into the Probate Act and cannot be read to confer upon a non-parent the necessary standing to bring a guardianship petition. It is apparent that the provision gives a minor who is 14 or over a say in determining the guardian once a valid petition is filed by someone with standing to bring the petition. We agree with respondents that petitioners' broad interpretation of this provision is flawed because, under petitioners' reasoning, any child 14 years of age or older could choose with whom he or she wished to live, regardless of the parents' desires. That is clearly not permissible based upon section 11—7 of the Probate Act, which recognizes that "fit" parents "are entitled to the custody of the person of the minor." Ill. Rev. Stat. 1991, ch. 110½, par. 11—7.

Petitioners have not argued on appeal that their petition adequately alleged that Eva was not in the physical custody of her parents, but have merely maintained that this standing requirement did not apply to their petition. As we have concluded that the trial court correctly determined that the standing requirement did have to be met by petitioners, we also conclude that the petition was properly dismissed.

Petitioners, in their brief, make numerous allegations regarding the inadequacies of Eva's parents' home environment. These statements are totally unsupported by the record and have not been considered in this appeal. However, we note that, if the unfitness of Eva's parents is an issue, petitioners could challenge custody under the Adoption Act (Ill. Rev. Stat. 1991, ch. 40, par. 1500 *et seq.*) or the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1991, ch. 37, par. 801—1 *et seq.*). See *Peterson*, 112 Ill. 2d at 55; *Sechrest*, 202 Ill. App. 3d at 870.

For the foregoing reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.