JOHN T. MEAD, Plaintiff-Appellant, v. THE BOARD OF REVIEW OF McHENRY COUNTY *et al.*, Defendants-Appellees.

Second District   No. 2—85—0097

Opinion filed June 3, 1986.—Rehearing denied July 7, 1986.

John T. Mead, of Craven, Mead & Nealis, of Chicago, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan and Jill Wine-Banks, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff taxpayer, John T. Mead, sought from the McHenry County board of review a reduction in the amount of the 1979 assessment of his real property located in Barrington Hills from $39,900 to $33,530 which was the 1978 assessed valuation. The $33,530 assessed value reflected land valued at $13,290 and buildings valued at $20,240; the $39,900 assessed value reflected an increase in land value to $19,810 and a decrease in building value to $20,090. The board denied the reduction and also denied his application for a homestead improvement exemption as provided in section 19.23—2 of "An Act to revise the law in relation to the assessment of property and the levy and collection of taxes" (the Act) (Ill. Rev. Stat. 1979, ch. 120, par. 500.23—2).

He appealed to the Property Tax Appeal Board (PTAB), and a hearing was held on July 29, 1980. With respect to the exemption issue, the hearing officer explained that the PTAB was without jurisdiction to entertain the taxpayer's appeal. As to the assessed value of his property, it was plaintiff's contention that his 10-acre site was no more valuable than a similarly situated 5-acre site, because "approximately half of it is swamp and lowland." According to a flood susceptibility analysis report dated July 30, 1980, which the parties had agreed to obtain the day after the hearing, it showed plaintiff's land was free from flood "except for a small depression area to the west

side of this parcel (approximately 16% of the parcel)." During the hearing, the taxpayer had conceded only that his additional acreage over the minimum five acres required for a building site might yield a "slight premium" upon a sale of his land. However, he introduced no evidence to clarify that statement, nor did he refute the flood susceptibility analysis, although the PTAB provided him time to do so before issuing a final decision. At the hearing, plaintiff submitted evidence for comparison purposes of one sale of nearby property for $79,000; that property consisted of a vacant five-acre site, and it had an assessed value of $12,000.

The McHenry County deputy assessor testified at the hearing that land parcels in Barrington Hills were assessed on the basis of size, regardless of the number of building sites on a particular parcel. The first five acres of this taxpayer's land were assessed at approximately $12,800 per acre. The deputy assessor testified that the minimum assessment for land in excess of the five acres required for a building site is $8,000 per acre; this taxpayer's additional five acres were assessed at slightly more than that minimum rate. No adjustment had been made for swampy areas of the parcel. The deputy assessor indicated at the hearing that such adjustments possibly had been made on some other parcels, and the parties agreed the records would be checked the following day to ascertain whether this was true or not. The PTAB's decision reflects that no records were later submitted by the deputy assessor to support her impression that boggy, waterlogged land was assessed at a very low rate in that area.

The PTAB made no finding with respect to the claimed homestead improvement exemption, but affirmed the assessed valuation of $39,900 in its August 26, 1980, decision. On September 30, 1980, plaintiff filed this action for administrative review. He filed an amended count II on December 1, 1980, and count I of his complaint was stricken by order dated January 19, 1981. The PTAB filed its answer on February 2, 1981; thereafter, the case remained dormant for over three years, until the PTAB moved for a hearing on the merits in March 1984. The plaintiff filed an affidavit purporting to clarify an "inaudible" portion of the PTAB transcript concerning the assessment of his pole barn and noting that he was informed that the PTAB discussion of his case continued after he had left the hearing. Plaintiff also filed a "trial memorandum" setting forth his position as to the assessment and the homestead improvement exemption. Based on the parties' arguments, the PTAB record, the pleadings, affidavits and memorandum on file, the McHenry County circuit court entered its order affirming the final decision of the PTAB on January 3, 1985,

and plaintiff filed the instant appeal.

The PTAB asserts the plaintiff's brief is not in compliance with supreme court rules governing appellate review and urges that his appeal be dismissed. The PTAB also asserts the plaintiff's argument that the actions of the board of review were "tainted and voidable" because the review board chairman was also a McHenry County commissioner is an issue which was not presented to the administrative agency and, thus, should be considered waived by this court.

We agree plaintiff's brief evidences a notable disregard for the supreme court rules governing appellate review (87 Ill. 2d Rules 341, 342). Even a lack of appellate experience, if that were the case perhaps, would not suffice to explain the inclusion by plaintiff in his "Statement of Facts" of not only argumentatively framed out-of-context excerpts improperly referenced to his "Appendix" rather than the record, but also citations to cases and to opinions of the Attorney General. Supreme Court Rule 341 clearly delineates what is and what is not to be included in the statement of facts. (87 Ill. 2d R. 341(e)(6).) In contrast, his 2½ page "Argument" section is devoid of citations to supporting authority, and once again includes references to his "Appendix" rather than the record on appeal. The "Table of Contents" provided does not purport to index the record on appeal but, rather, indexes the many items included in plaintiff's "Appendix," the majority of which are improperly included there.

■ The nonconformity of plaintiff's brief and the three-year period during which this case lay dormant in the trial court cannot help but be viewed as a measure of the relative importance afforded the instant cause by plaintiff himself. Although we have the authority to dismiss an appeal for the appellant's failure to show substantial compliance with the rules of procedure (*Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072; *Biggs v. Spader* (1951), 411 Ill. 42, *cert. denied* (1952), 343 U.S. 956, 96 L. Ed. 1356, 72 S. Ct. 1051), and we are entitled to have the issues clearly defined and to have cited pertinent authority (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 943), we believe a determination of the merits of the appeal, to the extent they are presented here by the plaintiff, may serve to conclude this long-standing litigation. We note, however, that to the extent plaintiff's statement of facts or other matters in his brief and reply brief are not supported by the record, we will disregard, rather than strike, them (*Schroeder v. Meier-Templeton Associates, Inc.* (1984), 130 Ill. App. 3d 554, 558), and a contention which is supported by some argument but by no authority whatsoever will be considered waived (*In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 689). Accordingly, although

the PTAB's assertion that this appeal should not be entertained due to the deficiencies of plaintiff's brief described above is well founded, we choose instead to dispose of the matters raised by this opinion.

■ At the outset, we agree that the plaintiff has waived the issue of the "taint" which may have attended the actions of the board of review because its chairman was also a McHenry County commissioner. Plaintiff did not raise the issue of a possible conflict of interest at the hearing before the PTAB at all, and although he included the allegation concerning only the chairman of the board of review in his complaint for administrative review, he did not include any argument on the matter in his "Trial Memorandum" filed in the circuit court.

In *Commonwealth Edison Co. v. Department of Local Government Affairs* (1984), 126 Ill. App. 3d 277, 288, it was stated:

> " '[W]here a party has presented his case or defense to a commission upon a certain and definite theory, he will not be permitted to change in court and prevail upon another theory and issue not presented to the commission.' *Robert S. Abbott Publishing Co. v. Annunzio* (1953), 414 Ill. 559, 565-66; accord, *Environmental Protection Agency v. Pollution Control Board* (1976), 37 Ill. App. 3d 519, 521."

Considering a similar waiver issue, the court in *E & E Hauling, Inc. v. Pollution Control Board* (1985), 107 Ill. 2d 33, 38-39, wrote:

> " 'A claim of disqualifying bias or partiality on the part of a member of the judiciary or an administrative agency must be asserted promptly after knowledge of the alleged disqualification.' (*Duffield v. Charleston Area Medical Center, Inc.* (4th Cir. 1974), 503 F.2d 512, 515.) The basis for this can readily be seen. To allow a party to first seek a ruling in a matter and, upon obtaining an unfavorable one, permit him to assert a claim of bias would be improper."

■ Plaintiff makes no allegation as to when he acquired knowledge of the possible conflict, but merely stated—without record reference or case citation—"[a] taxpayer-petitioner before the administrative agency should not be deemed to have waived a matter of which he then has no knowledge." Even if we were to consider this issue, plaintiff's reliance on *People ex rel. Fitzsimmons v. Swailes* (1984), 101 Ill. 2d 458, is misplaced. In that case, the court found that Swailes could not simultaneously hold the offices of township assessor and county board member because they were incompatible. (101 Ill. 2d 458, 469.) The court reasoned that since the township assessor's position was obviously subordinate to the position of supervisor of assessments, and as a county board member defendant Swailes votes on

who will be the supervisor of assessments and, thus, his supervisor, there may be a possible conflict. Plaintiff states merely that the offices concerned here "are at least equally incompatible." We note, however, that the statute establishing the board of review in township counties under one million inhabitants specifically provides: "Members of the county board may, but are not required to, be appointed to the board of review." (Ill. Rev. Stat. 1979, ch. 120, par. 489.) This section of the act represents an exception to the dual office holding which is prohibited by section 1 of "An Act to prevent fraudulent and corrupt practices in the making or accepting of official appointments and contracts by public officers" (Ill. Rev. Stat. 1979, ch. 102, par. 1). 1975 Ill. Att'y Gen. Op. 37, 41.

Plaintiff asserts he was arbitrarily assessed as owning two five-acre building sites when the record shows one-half of his site is unusable and unbuildable due to swamp and lowland, a roadway which bisects the northern portion of the site, and land use and setback ordinances. A topographic survey was presented by plaintiff, but no evidence regarding zoning requirements was offered.

Plaintiff's assertion that he was assessed on the basis of two 5-acre building sites is contradicted by the record which shows only that the first 5 acres of plaintiff's parcel were assessed at approximately the uniform rate for the area for the minimum 5-acre building site ($12,800), and that the balance of plaintiff's 10-acre parcel was then assessed at a lower rate per acre ($8,300) which was only slightly more than the minimum per-acre assessment in Barrington Hills.

It is true, as plaintiff asserts, the PTAB is not to afford *prima facie* weight to the findings and conclusion of fact made by the board of review (*Western Illinois Power Cooperative, Inc. v. Property Tax Appeal Board* (1975), 29 Ill. App. 3d 16), and that the PTAB's decision must be based "upon equity and the weight of evidence" (Ill. Rev. Stat. 1983, ch. 120, par. 592.4; *La Grange Bank #1713 v. Du Page County Board of Review* (1979), 79 Ill. App. 3d 474). It is also true that a taxpayer seeking review in the PTAB from a decision of the board of review does not have the burden of overcoming any presumption that the assessed valuation was correct. (*People ex rel. Thompson v. Property Tax Appeal Board* (1974), 22 Ill. App. 3d 316, *appeal dismissed, cert. denied* (1975), 422 U.S. 1002, 45 L. Ed. 2d 666, 95 S. Ct. 2623.) Upon judicial review of an administrative decision, the trial court and the appellate court are limited to determining whether findings and orders of the administrative body are contrary to the manifest weight of the evidence and whether the administrative body acted arbitrarily in clear abuse of its discretion. *Murdy v.*

*Edgar* (1983), 117 Ill. App. 3d 1091, *aff'd* (1984), 103 Ill. 2d 384; *Easter Enterprises, Inc. v. Illinois Liquor Control Com.* (1983), 114 Ill. App. 3d 855.

■■ ■ It is not the function of either of those courts to reweigh the evidence or assess the credibility of witnesses (*Broadway v. Secretary of State* (1985), 130 Ill. App. 3d 448), and the findings and conclusions of the administrative agency on questions of fact are held to be *prima facie* true and correct (Ill. Rev. Stat. 1983, ch. 110, par. 3—110). On judicial review of an administrative decision, the appellant has the burden of proving the issues raised in the complaint. (*Fender v. School District No. 25* (1976), 37 Ill. App. 3d 736, 745; *Missouri Pacific R.R. Co. v. Illinois Commerce Com.* (1948), 401 Ill. 241, 248.) It is not the function of this court or the trial court below to substitute its judgment for that of the PTAB, but to insure that an objective, rational decision was arrived at after a fair hearing at which competent evidence was introduced. (*Robinson v. Property Tax Appeal Board* (1979), 72 Ill. App. 3d 155, 157.) Differences of opinion as to value are insufficient to reverse an assessment. (72 Ill. App. 3d 155, 157.) A determination by an administrative agency is not to be disturbed upon review unless manifestly against the weight of the evidence. *Citizens Utilities Co. v. Department of Revenue* (1986), 111 Ill. 2d 32, 47.

■ It was plaintiff's opinion that his property had a fair market value of $150,000; the deputy assessor found its fair market value to be $212,880, which yielded an assessed valuation of $39,900 when the .1875 multiplier was applied. The board of review's notes and exhibits submitted to the PTAB included plats showing three sales of vacant property located in the proximity of the plaintiff's parcel which occurred between June 14, 1976, and May 26, 1978. The plats showed the sales prices ranged from $7,000 an acre in June 1976, to $15,800 per acre in May 1978. Property of five acres or less reflected an assessed value of $2,400 per acre; property of 10 acres or more, reflected an assessed value of $2,000 or less per acre. The assessed land value of plaintiff's 10-acre site here was $19,810 or $1,981 per acre.

Plaintiff's offer of a comparable was a nearby five-acre site, assessed at $12,000, which sold for $79,000 in May 1978. In light of the other evidence received by the PTAB, plaintiff's opinion that his 10-acre parcel was only as valuable as this 5-acre site or that it would perhaps "yield a slight premium" because "approximately half of it was swamp and lowland" does not warrant a finding that the PTAB's decision was against the manifest weight of the evidence and accordingly, it is not subject to reversal.

■■ Plaintiff's final contention is that he was improperly denied a homestead improvement exemption as provided for in section 19.23—2 of the Act. (Ill. Rev. Stat. 1979, ch. 120, par. 500.23—2.) That section provides:

> "In counties with less than 1,000,000 inhabitants, a homestead improvement exemption pursuant to Article IX, Section 6 of the 1970 Constitution limited to an annual maximum of $25,000 in actual value when that property is owned and used exclusively for a residential purpose upon demonstration that a proposed increase in assessed value is attributable solely to a new improvement of an existing structure. The amount of the exemption shall be limited to the actual value added by the new improvement up to an annual maximum of $25,000 and shall continue for 4 years from the date the improvement is completed and occupied, or until the next following quadrennial assessment of such property, whichever is later."

Plaintiff's claim for the exemption was precipitated by an increase in his assessment which he asserted was solely attributable to the construction of a pole barn (a stable) on his property in 1978. The PTAB made no finding on this matter, because it believed it had no jurisdiction to consider claimed exemptions.

As the PTAB points out, a 1969 opinion of the Attorney General concluded that the granting or denial of an exemption was not subject to review by the Property Tax Appeal Board. (1969 Ill. Att'y Gen. Op. 162.) Further, at the time plaintiff applied for the exemption in 1980, section 108 of the Act provided for review by the Department of Revenue, not the PTAB, only in the event the board of review *granted* the exemption and the question of the liability to taxation of such property had not previously been judicially determined. (Ill. Rev. Stat. 1979, ch. 120, par. 589(6).) Effective September 17, 1981, decisions of a board of review either granting *or* denying such exemptions were subject to review by the Department. (Ill. Rev. Stat. 1981, ch. 120, par. 589(6).) Plaintiff's assertion that *Hall v. Illinois Property Tax Appeal Board* (1981), 98 Ill. App. 3d 824, decided the issue that the PTAB had jurisdiction to hear and determine homestead improvement exemptions is incorrect, since the question was not specifically at issue there. Consequently, it presents no controlling authority here.

The record shows that when the plaintiff received the board of review's final notice to him of its decision to deny the exemption, it included a provision that if he did not agree with the decision that he could request a hearing within five days. The record does not show that he availed himself of this remedy. Further, the record shows that

the board of review denied the application for a homestead improvement exemption on the basis that plaintiff's assessment for the year 1979 showed a decrease in building value, not an increase. On the other hand, plaintiff's 1978 assessment did show an increase in building value, but plaintiff did not apply for an exemption at that time. Although neither party has raised this point, we believe that under the facts presented here, plaintiff would not be entitled to a homestead improvement exemption no matter which means of review he sought. We note that the statute specifically provides the exemption is for "a new improvement of an *existing structure.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 120, par. 500.23—2.) The construction of a new pole barn does not qualify for the exemption claimed by plaintiff under the homestead improvement provisions. See 1976 Ill. Att'y Gen. Op. 84.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

HOPF and SCHNAKE, JJ., concur.