TRAHRAEG HOLDING CORPORATION, d/b/a Plum Hollow Fitness and Recreation Center, Plaintiff-Appellee and Cross-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellants and Cross-Appellees.

Second District   No. 2—89—1282

Opinion filed October 10, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellant Property Tax Appeal Board.

Daniel A. Fish, State's Attorney, of Dixon, for appellants Lee County Board of Review and Tom Foster.

Charles T. Beckman, of Ehrmann, Gehlbach & Beckman, of Dixon, and John V. Hanson, of Hanson & Hanson, of Morris, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The defendants, Property Tax Appeal Board of the State of Illinois (PTAB), Lee County Board of Review (Review Board) and Lee County supervisor of assessments (Supervisor), appeal from that part of a circuit court order reversing the PTAB's holding that the plaintiff's bowling lanes, built in 1985 to replace lanes destroyed in a fire in 1984, are real rather than personal property. The circuit court held that the PTAB's finding that the original bowling lanes had not been assessed as personal property prior to January 1, 1979, was against the manifest weight of the evidence adduced at the administrative hearing and that section 18.1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 499.1), therefore, required that the present bowling lanes be assessed as personal property. We agree and affirm the circuit court.

The plaintiff purchased its land in 1959 and built the original bowling alley there in 1962. In 1984 a fire destroyed the alley. In 1985 the plaintiff rebuilt the alley, installed 24 new lanes, and built additional recreational facilities. In 1986 the Supervisor reassessed the entire property; on appeal by the plaintiff, the Review Board modified the assessment. The plaintiff then appealed the Review Board's decision to the PTAB.

The PTAB affirmed the Review Board's assessed valuation of the property and also held that the plaintiff had not met its burden under section 18.1 of the Revenue Act of proving that the bowling lanes had been assessed and taxed as personal property prior to January 1, 1979. The PTAB concluded that the bowling lanes were properly part of the real estate and taxable as such.

The plaintiff appealed to the circuit court, which affirmed the PTAB's holding on valuation but reversed the classification of the bowling lanes as real property. The defendants appealed, and the plaintiff unnecessarily cross-appealed. The only issue raised on appeal was whether the PTAB's finding that the bowling lanes had not been assessed as personal property before 1979 was against the manifest weight of the evidence.

Section 18.1 of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 499.1) provides:

"No property lawfully assessed and taxed as personal property under this Act prior to January 1, 1979, *** shall be classified as real property subject to assessment and taxation under this

Act after January 1, 1979. No property lawfully assessed and taxed as real property under this Act prior to January 1, 1979, *** shall be classified as personal property subject to assessment and taxation *** after January 1, 1979."

■ The taxpayer has the burden of proving that property is exempt under this provision and, thus, of proving that such property was lawfully assessed and taxed as personal property prior to January 1, 1979. Once this burden is met, however, the property must be classified as personal property. (*Central Illinois Light Co. v. Johnson* (1981), 84 Ill. 2d 275, 282.) We must therefore turn to the evidence adduced at the administrative hearing.

Orville Gearhart, the plaintiff's president, testified that the bowling lanes had been assessed as personal property and that the plaintiff had paid personal property taxes on them since 1962. He explained that he was unable to provide documentation of the lanes' pre-1979 tax status because he did not keep records back that far and because all of his records had been destroyed in the 1984 fire. His son, Marty Gearhart, testified that the Gearharts had earlier requested tax records from the county clerk's office but that the county was unable to find the records.

The Supervisor, Tom Foster, testified that his office had "no record" of the bowling lanes ever being listed as personal property, that there were no other bowling alleys in Lee County, that county records would not show how bowling lanes had been classified in the past, and that he did not know whether the plaintiff's bowling lanes had previously been assessed as real or personal property before 1979, as he was not involved in making assessments back then. When asked how the lanes were treated in 1983, he replied that he could find the property record card for 1983 but that it was not part of the evidence. The 1983 record card was not introduced into evidence.

■ We agree with the circuit court that the PTAB's finding that the bowling lanes had not been assessed and taxed as personal property prior to 1979 is against the manifest weight of the evidence. The only evidence on this issue was the testimony of the plaintiff's president that he had paid personal property taxes on the lanes before 1979. The supervisor neither impeached nor contested this testimony even though he stated that there were records under his office's control that could clarify the status of the property. The plaintiff's lack of paper documentation for its claim is adequately explained by the 1984 fire. The PTAB simply had no evidence before it to contradict the plaintiff's testimony.

■ Although findings of fact by an administrative agency are considered *prima facie* correct, they must still be based on the evidence, and the agency as fact finder cannot simply disregard the testimony of an unimpeached witness where the testimony is uncontradicted and not inherently improbable. (*Crabtree v. Illinois Department of Agriculture* (1989), 128 Ill. 2d 510, 518.) In *Crabtree*, the supreme court reversed an appellate court decision upholding an administrative finding that a transaction by the plaintiff was a loan rather than a purchase and thus would not support the plaintiff's claim for State grain insurance. The supreme court held that, where the plaintiff testified that the transaction was a purchase and no evidence in the record contradicted this testimony, the agency's characterization of the transaction as a loan was contrary to the manifest weight of the evidence. We find *Crabtree* controlling here. *Mead v. Board of Review* (1986), 143 Ill. App. 3d 1088, and *Pientka v. Board of Fire Commissioners* (1984), 125 Ill. App. 3d 124, relied on by appellants, are not on point as they hold only that a reviewing court must defer to an agency's resolutions of conflicting evidence. Here the evidence of the pre-1979 classification of the plaintiff's bowling lanes was not conflicting and did not support the PTAB's decision.

The portion of the circuit court's order appealed from is affirmed.

Affirmed.

DUNN and GEIGER, JJ., concur.