GENEVA COMMUNITY UNIT SCHOOL DISTRICT No. 304 *et al.*, Petitioners, v. PROPERTY TAX APPEAL BOARD *et al.*, Respondents.

Second District    No. 2—97—0333

Opinion filed May 27, 1998.

Joshua G. Vincent, Bruce L. Carmen, Scott A. Nemanich, and Larry C. Jurgens, all of Hinshaw & Culbertson, of Chicago, for petitioners.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Erik G. Light, Assistant Attorney General, of counsel), and James W. Chipman, of Springfield, for respondent Property Tax Appeal Board.

Allen M. Anderson and Scott G. Richmond, both of Ariano, Anderson, Hardy & Castillo, of Elgin, for respondent Kane County Board of Review.

Thomas J. McNulty and David S. Martin, both of Neal, Gerber & Eisenberg, of Chicago, for respondent Waste Management of Illinois, Inc.

JUSTICE RATHJE delivered the opinion of the court:

Petitioners, Geneva Community Unit School District Number 304 and Geneva Park District, appeal from a decision of the Property Tax Appeal Board (PTAB) dismissing their appeal for lack of jurisdiction. We affirm the decision of the PTAB.

The property at the center of this controversy, Settler's Hill, is owned by the County of Kane. At present, the property is leased to and operated by Waste Management of Illinois (WMI) as a landfill. In 1993, the petitioners filed a *mandamus* action in the circuit court of Kane County, seeking to compel the Kane County Board of Review (Board) to assess and tax WMI's leasehold interest in Settler's Hill. The circuit court dismissed the *mandamus* action on the basis that the petitioners had failed to exhaust their administrative remedies. The petitioners did not appeal the circuit court's ruling.

Thereafter, the petitioners filed complaints with the Board for both the assessment year 1995 and for an omitted property assessment for the years 1981 through 1994. The Board held a hearing at which all the agreements between Kane County and WMI and its predecessors were admitted into evidence. The Board also allowed testimony concerning the meaning of these agreements. The petitioners' position was that the agreements constituted a lease which was taxable under section 9—195 of the Property Tax Code (Code) (35 ILCS 200/9—195 (West 1994)).

The Board determined that WMI did not possess taxable leaseholds of the Settler's Hill landfill but rather " 'operating agreements' for a limited and public purpose and function of waste disposal, landfill and construction of a site suitable for future recreational use. [Citation.]" The Board then concluded as follows:

> "Therefore, this Board declares and finds that the complaint claiming 'omitted' properties is without merit and denies the request that the alleged leaseholds be listed and assessed as omitted properties."

However, in its notice of findings, the Board stated as follows:

"REASON—THE KANE COUNTY BOARD OF REVIEW HAS DETERMINED AFTER REVIEW OF ALL THE EVIDENCE AND TESTIMONY THAT AN ASSESSABLE LEASEHOLD DOES NOT EXIST ON SETTLERS HILL LANDFILL AND NO OMITTED PROPERTY ASSESSMENT IS APPLICABLE."

The Board then proceeded to place a $0 valuation on the land and improvements on the Settler's Hill property.

The petitioners then appealed the Board's decision to the PTAB. In their letter to the PTAB notifying it of the appeal, the attorneys for the petitioners stated in pertinent part as follows:

"THIS NOT AN APPEAL OF THE EXEMPT STATUS OF THE UNDERLYING PROPERTY. RATHER, THIS IS AN APPEAL OF THE DECISION OF THE BOARD OF REVIEW WHICH DECISION STATED THAT THE BOARD OF REVIEW FOUND THAT THERE WAS NO ASSESSABLE LEASEHOLD ON SETTLER'S HILL LANDFILL AND AS SUCH, NO OMITTED PROPERTY ASSESSMENT IS APPLICABLE."

By letter dated February 1, 1996, the executive director of the PTAB contacted the attorneys for the petitioners informing them that the PTAB questioned whether it had jurisdiction over the appeal and requested that the jurisdictional question be briefed by the parties. After the parties had submitted legal memoranda, on February 27, 1997, the PTAB issued its decision finding that it did not have jurisdiction over petitioners' appeal. In its order, the PTAB stated:

"The [PTAB] finds that it does not have jurisdiction over the subject matter of this appeal. Although the [petitioners] contend that this is not an appeal of the exempt status of the property, the ultimate issue before the [PTAB] in this appeal would be the determination of whether or not the subject property would be exempt from real estate taxation. Section 1910.10 of the Official Rules of the [PTAB] state[s]:

'The [PTAB] is without jurisdiction to determine the tax rate, the amount of a tax bill, or the **exemption of real property from taxation** (emphasis added).' "

The PTAB further determined that the Board's $0 assessment was in essence the granting or continuation of the exemption of the property. See *Highland Park Women's Club v. Department of Revenue*, 206 Ill. App. 3d 447, 461 (1990).

Finally, the PTAB also found that it lacked jurisdiction over the appeals from the years 1981 to 1994, which sought to have the property assessed for back taxes on the basis that it was "omitted" property. Since the property was exempt, it was not "omitted" from the tax assessment for those years, and, therefore, there was no duty or power on the part of the assessing officials to tax the property for the years 1981 to 1994.

The PTAB denied the petitioners' motion for reconsideration. The petitioners bring this appeal seeking administrative review of the PTAB's decision. 35 ILCS 200/16—195 (West 1994); 134 Ill. 2d R. 335.

The sole issue raised on appeal is whether the PTAB erred in determining that it lacked jurisdiction to review the Board's decision.

■ Our review in this case extends to all questions of law and fact presented by the record. An agency's findings on questions of law are not binding on the courts; we review them *de novo*. *Illini Country Club v. Property Tax Appeal Board*, 263 Ill. App. 3d 410, 416-17 (1994). An interpretation of a statute presents a question of law. *Illini Country Club*, 263 Ill. App. 3d at 416. The PTAB, as an administrative agency, has the authority to construe statutory provisions in making decisions and determinations. *Lee County Board of Review v. Property Tax Appeal Board*, 278 Ill. App. 3d 711, 719 (1996). A reviewing court is not bound by an agency's interpretation of a statute; however, the courts will give substantial weight to the interpretation of an ambiguous statute by the agency charged with its administration and enforcement. *Lee County Board of Review*, 278 Ill. App. 3d at 719. Such an interpretation expresses an informed source for determining the legislative intent. *Lee County Board of Review*, 278 Ill. App. 3d at 719. An important reason for this deference is that agencies can make informed judgments upon the issues, based upon their experience and expertise. *Lee County Board of Review*, 278 Ill. App. 3d at 719.

■ Finally, where the authority of an administrative body is in question the determination of the scope of its power and authority is a judicial function, not a question to be finally determined by the administrative agency itself. *People ex rel. Thompson v. Property Tax Appeal Board*, 22 Ill. App. 3d 316, 321 (1974). However, it does not follow that an administrative body can never determine the scope of its jurisdiction in a situation. By acting or refusing to act, it necessarily determines that the subject matter and its activity are or are not within the purview of the statute creating the agency. *People ex rel. Thompson*, 22 Ill. App. 3d at 321. The correctness of that determination is a question of law. *People ex rel. Thompson*, 22 Ill. App. 3d at 321.

■ The parties all agree that the Settler's Hill landfill is exempt from taxation. The petitioners take the position that, while the land is exempt, WMI's leasehold in the property is taxable under section 9—195, which provides as follows:

"Leasing of exempt property. Except as provided in Section 15— 55, when property which is exempt from taxation is leased to an-

other whose property is not exempt, and the leasing of which does not make the property taxable, the leasehold estate and the appurtenances shall be listed as the property of the lessee thereof, or his or her assignee." 35 ILCS 200/9—195 (West 1994).

The Board in this case found that WMI had nontaxable operating agreements, not leasehold interests in Settler's Hill. The petitioners sought review of that determination by the PTAB.

The process for bringing an appeal before the PTAB is set forth in section 16—160 of the Code. 35 ILCS 200/16—160 (West 1994). Section 16—160 provides in pertinent part as follows:

"[A]ny taxpayer dissatisfied with the decision of a board of review as such decision pertains to the assessment of his or her property for taxation purposes, or any taxing body that has an interest in the decision of the board of review on an assessment made by any local assessment officer, may, within 30 days after the date of written notice of the decision of the board of review, appeal the decision to the [PTAB] for review."

■ It is fundamental that an administrative body has only such powers as are granted in the statute creating it. *People ex rel. Thompson*, 22 Ill. App. 3d at 322. The only power and authority placed in the PTAB by statute is "to receive appeals from decisions of Boards of Review [citation], make rules of procedure [citation], conduct hearings [citation], and make a decision on the appeal [citation]." *People ex rel. Thompson*, 22 Ill. App. 3d at 322. The only types of appeals provided for in the statute are those by a taxpayer dissatisfied with the assessment of his property or by a taxing body, such as the petitioners in this case, that have an interest in a decision of the Board on an *assessment made by a local assessment officer*. *People ex rel. Thompson*, 22 Ill. App. 3d at 322. The issue then becomes whether there has been an assessment of the property in this case from which the petitioners could properly appeal.

■ An exemption may be considered an assessment of $0. *Highland Park Women's Club*, 206 Ill. App. 3d at 461. In that case, the petitioners argued that language in the Code permitting the Lake County Board of Review to revise assessments on its own motion did not permit it to review exemptions. The reviewing court rejected that argument on the basis that acceptance of that argument would mean that there was no provision for review of existing exemptions. *Highland Park Women's Club*, 206 Ill. App. 3d at 461. In the present case, the Board assessed the property at $0 based upon the fact that no assessable leasehold interest existed. However, while the Board has authority to review exemptions, under its own rules, the PTAB does not. See also *Mead v. Board of Review*, 143 Ill. App. 3d 1088,

1096 (1986) (according to a 1969 opinion of the Attorney General, the granting or denying of an exemption not subject to review by the PTAB).

The petitioners place much emphasis on the fact that they are not challenging the status of the property as exempt. According to the petitioners, all they seek is a review of the $0 assessment of the leasehold, which, as the PTAB may hear appeals from taxing bodies regarding assessments, should be within the jurisdiction of the PTAB.

The $0 assessment in this case did not reflect that WMI's interest in the property was not "valueless" but that it was not taxable. If the issue were over the value of the property, the PTAB would have had jurisdiction to hear the appeal because the underlying reason for the $0 assessment had to do with the correctness of the assessment of the property value. In the present case, however, the concern is not the $0 assessment itself but the underlying reason for the $0 assessment, namely, that there was no taxable interest.

If the PTAB were to consider this appeal, it would have to make a determination as to the correctness of the Board's determination that WMI's interest in the property was not taxable. While the PTAB may review decisions made by the Board on assessments, there is no authority for the PTAB to review a decision of the Board determining the existence or nonexistence of a taxable interest.

We conclude, therefore, that the decision of the PTAB that it had no jurisdiction to review the decision of the Board in this case was correct as a matter of law.

The decision of the PTAB is affirmed.

Affirmed.

GEIGER, P.J., and BOWMAN, J., concur.