22 December 1999

No. 2--99--0016

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

ROBERT SPIEL,                 ) Appeal from the Circuit Court

                      ) of Lake County.

Plaintiff-Appellee, )

                     ) 

v. ) No. 98--MR--94

  )

THE PROPERTY TAX APPEAL BOARD, )

                           )

Defendant-Appellant   )          

) Honorable

  ) Henry C. Tonigan and

(The Lake County Board of  ) Stephen E. Walter,

Review, Defendant-Appellee).  ) Judges, Presiding.       _________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

In this administrative review action, defendant, the Property Tax Appeal Board (PTAB), appeals the order of the circuit court of Lake County instructing PTAB to assume subject matter jurisdiction over property tax appeals filed by plaintiff, Robert Spiel, and remanding the matter to PTAB for a decision on the merits.  We reverse the judgment of the circuit court of Lake County and confirm PTAB's initial determination that it lacked subject matter jurisdiction over Spiel's property tax appeals

The record indicates that Spiel's attorney filed a request for the valuation of three parcels of real property used for open space purposes for the 1996 assessment year as provided by section 10--155 of the Property Tax Code (Tax Code) (35 ILCS 200/10--155 (West 1996)).  The record does not indicate when this request was filed with the Lake County supervisor of assessments.  Apparently in February 1997, Spiel's attorney, having received no notice of whether the open space status had been granted or denied, called the supervisor of assessments.  The supervisor of assessments stated that the property had been denied open space status and that the board of review had ended its session for hearing 1996 assessed valuation appeals.  On February 26, 1997, the supervisor of assessments sent a letter to Spiel's attorney indicating that one of the parcels was being denied open space status and two of the parcels were being granted open space status for the 1996 assessment year due to an error on the part of the supervisor of assessments.  The correspondence from the supervisor of assessments included a PTAB form "for you to file if you wish to pursue this matter."

It is undisputed that Spiel did not file a complaint with the Lake County Board of Review (Board of Review), nor was any hearing held on this matter by the Board of Review.  On March 27, 1997, Spiel filed three separate appeal forms for the 1996 assessment year with PTAB.  On February 4, 1998, after hearing testimony and reviewing the record, PTAB, relying on section 16--160 of the Tax Code (35 ILCS 200/16--160 (West 1996)), determined that "[w]ithout a decision from the board of review the Property Tax Appeal Board lacks jurisdiction over [Spiel's] 1996 appeal[s]."  PTAB reasoned that "[u]pon rejection of [Spiel's] petition for open space it was incumbent upon him to seek a hearing before the board of review in a timely manner," which he failed to do.

On February 26, 1998, Spiel filed a complaint for administrative review with the circuit court of Lake County.  Following full briefing and a hearing on the matter, the circuit court ordered PTAB to assume subject matter jurisdiction over Spiel's appeals and remanded the matter to PTAB for a decision on the merits.  Parenthetically, we note that the record does not contain a transcript of the hearing, apparently because no court reporter was present.

On October 22, 1998, PTAB issued a remand decision on the merits finding that Spiel was entitled to the open space valuation he sought. On December 2, 1998, the circuit court filed PTAB's remand decision, giving it full force and effect, and its order contained the language "[t]his is a final and appealable order."  PTAB timely appealed.

Initially, we must remark upon the grossly deficient brief filed by Spiel's counsel, which exhibits a total disregard of our supreme court rules.  Spiel's brief contains the following "Statement of Facts and Argument" section, 
in toto
: 

"Plaintiff-Appellee hereby incorporates the Statement of Facts and Argument presented by Plaintiff before the Circuit Court of Lake County in the action filed for administrative review of the initial PTAB decision.

Plaintiff incorporates, and agrees with, the decision of the Circuit Court, as to the appropriateness of subject matter jurisdiction before PTAB in this matter.

Plaintiff further incorporates, and agrees with, the final decision, after remand from the Circuit Court, of PTAB as the appropriate ultimate disposition of the matter in controversy."

Spiel makes no attempt to address the arguments made by PTAB in its brief.  In PTAB's reply brief, it notes that "Spiel's 'brief' is not an appellate brief in the traditional sense."  We agree with PTAB.

The reviewing court is "entitled to have briefs submitted that present an organized and cohesive legal argument in accordance with the Supreme Court Rules."  
Harvey v. Carponelli
, 117 Ill. App. 3d 448, 450 (1983).  Strict adherence to the supreme court rules is necessary to expedite and facilitate the administration of justice.  See 
Harvey
, 117 Ill. App. 3d at 450.  We admonish Spiel's counsel for failing to comply with our supreme court rules.

On appeal, PTAB contends that the circuit court erred when it ordered PTAB to assume subject matter jurisdiction over Spiel's property tax appeals and when it remanded the matter to PTAB for a decision on the merits.  We agree.

"A circuit court's remand to an administrative agency is a nonfinal order if the agency must do more than enter a judgment or decree in accordance with the court's directions."  
Lippert v. Property Tax Appeal Board
, 273 Ill. App. 3d 150, 153 (1995).  When a circuit court acquires jurisdiction to review a final administrative decision, it retains jurisdiction of the action "until final disposition of the action."  735 ILCS 5/3--104 (West 1996).

Here, the circuit court remanded the matter to PTAB for a decision on the merits September 22, 1998.  The September 22, 1998, order was not a final order because PTAB was required to do more than enter a judgment or decree in accordance with the circuit court's directions.  On December 2, 1998, the circuit court filed PTAB's remand decision, giving it full force and effect.  The December 2, 1998, order was a final and appealable order because the circuit court had examined the results of PTAB's additional proceedings.  See 
Lippert
, 273 Ill. App. 3d at 154.  PTAB filed its notice of appeal on December 30, 1998.  Accordingly, this court has jurisdiction to consider PTAB's appeal pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

Whether PTAB had subject matter jurisdiction over Spiel's property tax appeal under the provisions of the Tax Code is a question of law that we review 
de novo
.  See 
Geneva Community Unit School District No. 304 v. Property Tax Appeal Board
, 296 Ill. App. 3d 630, 633 (1998) (PTAB's determination of the scope of its jurisdiction is a question of law that is reviewed 
de novo
).  As an administrative agency, PTAB has the authority to construe statutory provisions in making decisions and determinations.  
Geneva Community Unit School District
, 296 Ill. App. 3d at 633.  This court gives substantial weight and deference to statutory interpretations made by an administrative agency charged with the administration of a particular statute.  
Oregon Community Unit School District No. 220 v. Property Tax Appeal Board
, 285 Ill. App. 3d 170, 175 (1996).  While we exercise an independent review of PTAB's conclusions of law, we may look to PTAB's interpretation of its own enabling statute as an informed source for ascertaining legislative intent.  
La Salle Partners, Inc. v. Property Tax Appeal Board
, 269 Ill. App. 3d 621, 628 (1995).

"The primary rule of statutory interpretation and construction is to ascertain and effectuate the true intent and meaning of the legislature."  
Lake County Board of Review v. Property Tax Appeal Board
, 192 Ill. App. 3d 605, 616 (1989).  When a statute has not been judicially interpreted, the reviewing court is guided by the plain meaning of the statute's language and the legislative intent.  
Lake County Board of Review
, 192 Ill. App. 3d at 616-17.  However, when a statute has been judicially interpreted, considerations of 
stare decisis
 weigh heavily since the legislature is free to change court interpretations of its legislation.  
Lake County Board of Review
, 192 Ill. App. 3d at 617.

Section 16--55 of the Tax Code (35 ILCS 200/16--55 (West 1996)) provides in relevant part:

"On written complaint that any property is overassessed or underassessed, the board [of review] shall review the assessment, and correct it, as appears to be just ***. *** 
[a]ll complaints of errors in assessments of property shall be in writing, and shall be filed by the complaining party with the board of review
 ***."  (Emphasis added.)

The process for bringing an appeal before PTAB is set forth in section 16--160 of the Tax Code (35 ILCS 200/16--160 (West 1996)).  Section 16--160 provides in pertinent part:

"[A]ny taxpayer dissatisfied with the decision of a board of review or board of appeals as such decision pertains to the assessment of his or her property for taxation purposes, or any taxing body that has an interest in the decision of the board of review or board of appeals on an assessment made by any local assessment officer, may, within 30 days after the date of written notice of the decision of the board of review or board of appeals, appeal the decision to the Property Tax Appeal Board for review." 

An administrative agency has only such powers as are granted in the enabling statute.  
Geneva Community Unit School District
, 296 Ill. App. 3d at 634.  The only power and authority placed in PTAB by statute is to receive appeals from decisions of boards of review, make rules of procedure, conduct hearings, and make a decision on the appeal.  
Geneva Community Unit School District
, 296 Ill. App. 3d at 634.  In 
Schlenz v. Castle
, 115 Ill. 2d 135 (1986), our supreme court summarized the procedures available to those aggrieved by the assessment of their property as follows:  

 "In counties other than Cook, the taxpayer must first present his complaint to the county board of review. [Citations.] The taxpayer may then select one of two mutually exclusive [citation] routes of challenging the board [of review's] decision.  First, he may appeal to the Property Tax Appeal Board, whose decision is further reviewable in the courts under the Administrative Review Law [citation]. *** In the alternative, the taxpayer can pay his taxes under protest and file objections to the collector's application for judgment in the circuit court."  
Schlenz
, 115 Ill. 2d at 142.

The Tax Code provides for three instances when a taxpayer may appeal an assessment directly to PTAB.  First, a direct appeal may be taken where an appeal is based solely on the effect of an equalizing factor assigned to all property or to a class of property by the board of review.  See 35 ILCS 200/16--180 (West 1996).  Second, a direct appeal is available where PTAB renders a decision lowering an assessment after the adjournment of the session of the board of review at which assessments for the subsequent year were being considered.  See 35 ILCS 200/16--185 (West 1996).  Finally, a direct appeal may be taken where PTAB renders a decision lowering an assessment after the deadline for filing complaints with the board of review for the subsequent year has passed.  See 35 ILCS 200/16--185 (West 1996).  See also 
Cotter & Co. v. Property Tax Appeal Board
, 277 Ill. App. 3d 538, 545 (1995) (summarizing the three instances in which a taxpayer may appeal an assessment directly to PTAB).

Here, Spiel did not first obtain a written decision from the board of review concerning his request for open space valuation, and Spiel's appeals do not fall within any of the three statutory instances permitting a direct appeal to PTAB.  Thus, PTAB lacked subject matter jurisdiction over Spiel's property tax appeals.

At the hearing before PTAB, Spiel argued that he was not notified of the denial of his request for open space status until the time for filing a complaint with the board of review had expired.  Spiel claimed that, since he was unable to file an appeal with the board of review, he was justified in appealing directly to PTAB.  We reject this argument because the record is clear that Spiel was not diligent in pursuing his remedy before the board of review, nor has he shown that he was prevented from obtaining the information in time to go before the board of review with his complaint.  See 
Hulbert v. People
, 189 Ill. 114, 117-18 (1901).

Nor is Spiel's failure to file a complaint with the board of review justified by his reliance on the supervisor of assessments' advice to file an appeal with PTAB.  A taxpayer's rights and duties with respect to the payment of taxes are fixed by statute and "neither the Board of Assessors nor any of its employees or agents have any authority to vary the statutory provisions."  
O'Fallon Development Co. v. Ring
, 37 Ill. 2d 84, 91 (1967).

In his written brief before the circuit court, Spiel argued that the board of review and PTAB should be judicially estopped from arguing lack of jurisdiction.  Spiel contended that the board of review consented to jurisdiction by filing evidence in the case and agreeing at the PTAB hearing that jurisdiction was proper.  Spiel further argued that PTAB accepted jurisdiction by accepting the appeal, requiring submission of evidence and replies, and holding a hearing in the presence of a court reporter.  Relief cannot be granted by courts where the complainants have failed to pursue their statutory remedy before the board of review, and "public policy forbids the application of the doctrine of estoppel to a sovereign State where the public revenues are involved."  
People v. Women's Athletic Club
, 360 Ill. 577, 579-80 (1935).

We conclude that the decision of PTAB that it had no subject matter jurisdiction to review Spiel's property tax appeals in this case was correct as a matter of law.  Therefore, the circuit court erred in ordering PTAB to assume subject matter jurisdiction over Spiel's property tax appeals and remanding the matter to PTAB for a decision on the merits.  

We therefore reverse the judgment of the circuit court of Lake County and confirm PTAB's initial determination that it lacked subject matter jurisdiction over Spiel's property tax appeals.

Circuit court judgment reversed; PTAB decision confirmed. 

McLAREN and GEIGER, JJ., concur.