UNITED METHODIST VILLAGE RETIREMENT COMMUNITIES, INC., Petitioner, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Respondents (Alton Community School District No. 11 *et al.*, Intervening Respondents).

Fifth District    No. 5—00—0081

Opinion filed April 25, 2001.

James S. Sinclair, of Stobbs & Sinclair, of Alton, for petitioner.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Marcia L. McCormick, Assistant Attorney General, of counsel), for respondent Property Tax Appeal Board.

C. Dana Eastman, Jr., and Gregory P. Erthal, both of Thomas, Mottaz, Eastment & Erthal, of Alton, for respondent Alton Community School District No. 11.

James E. Schrempf, of Coppinger, Carter, Schrempf & Blaine, Ltd., of Alton, for respondent Village of Godfrey.

JUSTICE WELCH delivered the opinion of the court:

United Methodist Village Retirement Communities, Inc. (petitioner), is a not-for-profit corporation formed for the purpose of operating housing facilities for "seniors." In 1996, petitioner purchased three parcels of real estate located in Madison County for the purpose of constructing its housing facilities. On August 7, 1998, the Madison County supervisor of assessments issued to petitioner a "Notice to Taxpayer of Assessment Change" as to the three parcels, indicating that the assessment of each parcel was increased from $0 to values of $235,690, $531,370, and $1,288,410, respectively.

On September 8, 1998, pursuant to section 16—55 of the Property Tax Code (35 ILCS 200/16—55 (West 1998)), petitioner filed a written complaint as to each parcel with the Madison County Board of Review (Board of Review). Petitioner asserted that the change in assessment from $0 was improper because the property was exempt from taxation. At the same time, in accordance with the provisions of section 15—5 of the Property Tax Code (35 ILCS 200/15—5 (West 1998)), petitioner filed with the Board of Review applications for exemption as to each parcel. Petitioner did not otherwise challenge the amount of the assessment.

On April 15, 1999, the Board of Review issued its final decision confirming the assessment made by the supervisor of assessments and indicating that the application for exemption would be filed with the Department of Revenue in accordance with section 16—70 of the Property Tax Code (35 ILCS 200/16—70 (West 1998)). The Board of Review's final decision states, "[Petitioner] may appeal this decision to the Property Tax Appeal Board within 30 days ***."

On May 13, 1999, pursuant to section 16—160 of the Property Tax Code (35 ILCS 200/16—160 (West 1998)), petitioner filed appeals to

the Property Tax Appeal Board (Appeal Board) with respect to each parcel, alleging a contention of law with respect to the applications for exemption. The Board of Review filed with the Appeal Board its "Notes on Appeal," which include the property record cards on each parcel. On July 30, 1999, Alton Community Unit School District No. 11 filed requests to intervene as a taxing district having a revenue interest in the subject property. On August 16, 1999, the Village of Godfrey filed similar requests to intervene.

On January 7, 2000, the Appeal Board entered its final decision, reciting, "The basis of [petitioner's] appeal is a contention of law in which it argues the subject property is exempt from real estate assessment and taxation." The decision indicates that the issue of the exempt status of the property was also before the Department of Revenue. The decision states that the Board of Review had filed its "Notes on Appeal" containing the total assessments and had submitted copies of the property record cards with respect to each parcel. The decision further states that each of the intervenors had filed a brief on appeal. The Appeal Board concluded that it had jurisdiction over the parties but that it did not have subject matter jurisdiction over the issue raised—whether the subject property should be exempt from real estate taxation and have an assessment of $0. The Appeal Board concluded that, under the Property Tax Code, the Appeal Board plays no part in determining whether property is exempt from taxation; only the Department of Revenue can make that determination. The Appeal Board found that it had no authority to rule on petitioner's claim that the subject property is exempt from taxation. Because petitioner did not otherwise contest the assessments and because the Board of Review had submitted the appropriate documentation, the Appeal Board affirmed the Board of Review's assessments.

On February 4, 2000, petitioner filed in this court, pursuant to section 16—195 of the Property Tax Code (35 ILCS 200/16—195 (West 1998)), its petition for review of administrative decision, naming as respondents the Appeal Board, its members, Alton Community Unit School District No. 11, and the Village of Godfrey. The Board of Review was not made a party respondent to this appeal.

On April 26, 2000, petitioner filed in this court a motion for leave to amend its petition for review of administrative decision to join the Board of Review as an additional party respondent. We ordered that the motion be taken with the case, and we address it now.

■ The appeal of the decision of the Appeal Board in this case has been taken directly to this court pursuant to section 16—195 of the Property Tax Code (35 ILCS 200/16—195 (West 1998)), because the change in the assessed valuation of petitioner's property exceeded

$300,000. The procedure for bringing such an appeal before this court is set forth in section 3—113 of the Administrative Review Law (735 ILCS 5/3—113 (West 1998)) and Supreme Court Rule 335 (155 Ill. 2d R. 335). Section 3—113(a) provides that an action for the direct review of a final administrative decision of an administrative agency by the appellate court shall be commenced by the filing of a petition for review in the appellate court within 35 days from the date a copy of the administrative decision was served upon the party affected by the decision. 735 ILCS 5/3—113(a) (West 1998). Section 3—113(b) requires that "[t]he agency and all other parties of record shall be named respondents." 735 ILCS 5/3—113(b) (West 1998). However, section 3—113(b) states as follows:

"If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant. The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require." 735 ILCS 5/3—113(b) (West 1998).

Supreme Court Rule 335 sets forth similar requirements. 155 Ill. 2d R. 335.

■ In *Villa Retirement Apartments, Inc. v. Property Tax Appeal Board*, 302 Ill. App. 3d 745, 751 (1999), this court held that the board of review is always a party of record when the taxpayer has unsuccessfully sought a review before it of the supervisor of assessments' assessment and the taxpayer is appealing the board of review's decision to the Appeal Board. Thus, in the instant case, the Board of Review was a party of record to the proceedings before the Appeal Board, and petitioner was required to name the Board of Review in its petition for review before this court, but it failed to do so. Petitioner now seeks leave to amend its petition for review to name the Board of Review as a party respondent, a motion that we may grant only if the Board of Review was not named by the Appeal Board as a party of record in its final decision.

■ In *Villa Retirement Apartments, Inc.*, 302 Ill. App. 3d at 751-52, this court held that in order to bar an amendment of the petition for review to add the unnamed party as a party respondent, the final order of the administrative agency must not merely mention the unnamed party of record but must explicitly state that the party is a party of record. In the instant case, the final decision of the Appeal Board did not explicitly state that the Board of Review was a party of

record. Accordingly, we grant petitioner leave to amend its petition for review to add the Board of Review as a party respondent. However, because the interests of the Board of Review are adequately protected by the participation of the Appeal Board and the intervenors in this appeal, we find that justice does not require that the Board of Review be allowed to participate in these proceedings. We turn now to the merits of petitioner's appeal.

■ ■ An agency's findings of law are reviewed by this court *de novo*, as are questions regarding the interpretation of a statute. *Geneva Community Unit School District No. 304 v. Property Tax Appeal Board*, 296 Ill. App. 3d 630, 633 (1998). The Appeal Board held that, under the Property Tax Code, it did not have authority to determine whether the subject property was exempt from taxation. We agree. The Property Tax Code makes it clear that only the Department of Revenue has authority to determine if a property is exempt from taxation. Section 15—5 of the Property Tax Code provides that any person wishing to claim an exemption for the first time shall file an application with the county board of review. 35 ILCS 200/15—5 (West 1998). Section 16—70 of the Property Tax Code provides the following:

> "The board of review shall hear and determine the application of any person who is assessed on property claimed to be exempt from taxation. However, the decision of the board shall not be final, except as to homestead exemptions. *** The clerk of the board in all cases other than homestead exemptions, under the direction of the board, shall make out and forward to the Department [of Revenue][ ] a full and complete statement of all the facts in the case. The Department [of Revenue] shall determine whether the property is legally liable to taxation. It shall notify the board of review of its decision, and the board shall correct the assessment if necessary. The decision of the Department [of Revenue] is subject to review under Sections 8—35 and 8—40." 35 ILCS 200/16—70 (West 1998).

Sections 8—35 and 8—40 of the Property Tax Code provide for the administrative review of a final decision of the Department of Revenue in the circuit court for the county in which the property is located. 35 ILCS 200/8—35, 8—40 (West 1998). The Property Tax Code does not provide for the Appeal Board's review of decisions relating to exempt status, whether the decision was made by the county's board of review or the Department of Revenue.

■ ■ It is fundamental that an administrative body has only such powers as are granted in the statute creating it. *Geneva Community Unit School District No. 304*, 296 Ill. App. 3d at 634. While the Property Tax Code does give the Appeal Board authority to receive appeals

from decisions of the boards of review, the only types of appeal provided for in the statute are those by a taxpayer dissatisfied with the assessment of property. 35 ILCS 200/16—160 (West 1998); see also *Geneva Community Unit School District No. 304*, 296 Ill. App. 3d at 634. The Property Tax Code does not give the Appeal Board authority to review decisions of the boards of review with respect to exemptions of property from taxation. See *Mead v. Board of Review*, 143 Ill. App. 3d 1088, 1096 (1986); *Geneva Community Unit School District No. 304*, 296 Ill. App. 3d at 634-35. This is reflected in the "Statement of Policy" of the Appeal Board, which states, "The Property Tax Appeal Board is without jurisdiction to determine the tax rate, the amount of a tax bill, or the exemption of real property from taxation." 86 Ill. Adm. Code § 1910.10(f) (2000).

■ Petitioner argues that, at the very least, the Appeal Board should defer or stay its proceedings pending the Department of Revenue's decision on the exemption question. However, this position is contrary to the plain import of the Property Tax Code, which provides, in section 16—70, "The extension of taxes on any assessment shall not be delayed by any proceedings under this Section, and, if the Department rules that the property is exempt, any taxes extended upon the unauthorized assessment shall be abated or, if paid, shall be refunded." 35 ILCS 200/16—70 (West 1998). We note also that the Department of Revenue must notify the county board of review of its exemption determination, and the board of review must correct the assessment if the exemption is granted. 35 ILCS 200/16—70 (West 1998).

For the foregoing reasons, the decision of the Appeal Board is hereby affirmed on administrative review.

Affirmed.

CHAPMAN, P.J., and HOPKINS, J., concur.