(No. 87158.—

ESG WATTS, INC., Appellant, v. THE POLLUTION CONTROL BOARD, Appellee.

*Opinion filed March 23, 2000.*

MILLER, J., took no part.

Stephen R. Swofford and Christine L. Olson, of Hinshaw & Culbertson, of Chicago (Bruce L. Carmen, of counsel), for appellant.

James E. Ryan, Attorney General, of Springfield (Joel

Bertocchi, Solicitor General, and Brian F. Barov, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

In this case petitioner ESG Watts, Inc. (Watts), sought review of a decision of the Illinois Pollution Control Board (Board) in the Illinois appellate court. The appellate court dismissed Watts' action because Watts did not name the State of Illinois as a respondent in its petition for review. The question before us is whether it was proper for the appellate court to dismiss the appeal. We find that dismissal was proper, and affirm.

## BACKGROUND

In May 1996, the State, through its Attorney General, filed a complaint before the Board captioned "People of the State of Illinois v. ESG Watts, Inc." The State alleged that Watts had violated the Illinois Environmental Protection Act (415 ILCS 5/1 *et seq.* (West 1994)) by failing to update closure cost estimates or provide adequate cost assurances for a sanitary landfill it had been operating. In February 1998, after conducting a hearing and receiving evidence, the Board found Watts liable and imposed a $256,000 fine.

In March 1998, Watts filed a petition for administrative review of the Board's decision. Watts petitioned directly to the appellate court, as required by the Act. See 415 ILCS 5/41(a) (West 1994). However, the only respondent Watts named in the petition was the Board. The Board moved to dismiss the action, contending that the appellate court lacked jurisdiction because Watts had not named the State as a respondent. The appellate court granted the Board's motion and dismissed the case. No. 4—98—0229 (unpublished order under Supreme Court Rule 23). We granted Watts' petition for leave to appeal.

See 177 Ill. 2d R. 315(a).

## ANALYSIS

There is no question that Watts failed to name the State as a respondent in its petition for review in the appellate court. The sole issue presented to this court is the effect of Watts' failure to name the State. Accordingly, as the operative facts are undisputed, our standard of review is *de novo. Envirite Corp. v. Illinois Environmental Protection Agency*, 158 Ill. 2d 210, 214 (1994).

Before addressing the arguments raised by the parties, we begin with a brief overview of the principles pertaining to judicial review of administrative actions. Although the Illinois Constitution grants an appeal as a matter of right from all final judgments of the circuit court (Ill. Const. 1970, art. VI, § 6), there is no constitutional right to appeal administrative decisions. Rather, the appellate and circuit courts have only such powers to review administrative actions "as provided by law." Ill. Const. 1970, art. VI, § 6 (appellate court); art. VI, § 9 (circuit court). See also *Central City Education Ass'n v. Illinois Educational Labor Relations Board*, 149 Ill. 2d 496, 526-27 (1992), citing Ill. Const. 1970, art. VI, § 6 ("the Illinois appellate court has only such power of direct review as the legislature may provide"). In this case, the statute which provides for judicial review is section 41(a) of the Illinois Environmental Protection Act (Act) (415 ILCS 5/41(a) (West 1994)). Section 41(a) provides in pertinent part that any party adversely affected by a final order or determination of the Board

"may obtain judicial review, by filing a petition for review ***, under the provisions of the Administrative Review Law, as amended[,] and the rules adopted pursuant thereto, except that review shall be afforded directly in the Appellate Court for the District in which the cause of action arose and not in the Circuit Court." 415 ILCS 5/41(a) (West 1994).

Section 41(a) thus incorporates by reference the require-

ments of the Administrative Review Law (Review Law) and the rules adopted pursuant thereto. Both section 113(b) of the Review Law (735 ILCS 5/3—113(b) (West 1994)) and our Supreme Court Rule 335 (155 Ill. 2d R. 335) address petitions for review of administrative agency decisions in the appellate court. These provisions are identical with respect to who must be named as a respondent. Each provides that a petition for review "shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record shall be named respondents." 735 ILCS 5/3—113(b) (West 1996); 155 Ill. 2d R. 335(a).

In light of the above, this court has held that administrative review actions, whether taken to the circuit court or directly to the appellate court, involve the exercise of "special statutory jurisdiction." *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 6-7 (1995) (appellate court); *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210-11 (1985) (circuit court). When a court is exercising special statutory jurisdiction the language of the act conferring jurisdiction delimits the court's power to hear the case. A party seeking to invoke special statutory jurisdiction thus "must strictly adhere to the prescribed procedures" in the statute. *McGaughy*, 165 Ill. 2d at 12. See also *Carver v. Nall*, 186 Ill. 2d 554, 558 (1999) (because Administrative Review Law is a departure from common law, "a party seeking judicial review of an administrative decision must strictly adhere to the" procedures prescribed therein). Section 102 of the Review Law reinforces this point, by explicitly stating that a party is barred from obtaining judicial review of an administrative decision "[u]nless review is sought of an administrative decision within the time and in the manner herein [*i.e.*, in the Review Law] provided." 735 ILCS 5/3—102 (West 1996).

Accordingly, absent strict compliance with section 41(a) of the Act, including the provisions of the Review Law and the rules adopted pursuant thereto, which section 41(a) incorporates by reference, the appellate court cannot consider the appeal. 735 ILCS 5/3—102 (West 1996); *Carver*, 186 Ill. 2d at 558; *McGaughy*, 165 Ill. 2d at 12.

Watts first contends that the petition for review acts as a notice of appeal, and it should thus be subject to the same liberal rules of construction as notices of appeal (see *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 188-89 (1991) (in notices of appeal "technical defects in form, as opposed to substance, are deemed not fatal")). Watts' argument is based on Supreme Court Rule 335(i)(1), which provides that: "[i]nsofar as appropriate, the provisions of Rules 301 through 373 (except for Rule 326) are applicable to proceedings under this rule." 155 Ill. 2d R. 335(i)(1). Watts notes that Rule 303, which governs notices of appeal, is one of the rules incorporated by Rule 335(i)(1), and contends that it therefore stands to reason that petitions for review should be liberally construed just as are notices of appeal.

We reject this reasoning. Although a petition for review does serve as a notice of appeal in an administrative review case (see 155 Ill. 2d R. 355, Committee Comments, at cxxxii ("the petition for review serves the function of the notice of appeal, and nothing else")), it does not logically follow that it should be liberally construed. Watts' argument is flawed in that it ignores the qualifying phrase "insofar as appropriate" in Rule 335(i)(1). As previously discussed, liberal construction of petitions for review would be *inappropriate* because in the exercise of special statutory jurisdiction the party seeking review must strictly comply with the statute conferring jurisdiction on the court. Thus, if application of Rule 303 would mandate such a result, Rule 303 would not be applicable.

We find that a rule of strict construction of petitions for administrative review is proper and necessary and is mandated by this court's previous precedent.

This case presents a factual scenario quite similar to that present in our recent decision in *McGaughy*, in which we held, without dissent, that dismissal was required for noncompliance with Rule 335. *McGaughy* involved two consolidated appeals from final decisions by the Illinois Human Rights Commission. In the case most factually similar to the instant case, petitioner Barbara McGaughy filed a charge with the Department of Human Rights in which she alleged that her employer, the Department of State Police, had discriminated against her. The Department of Human Rights dismissed the charge for lack of substantial evidence. McGaughy filed a request for review with the Illinois Human Rights Commission, which affirmed the dismissal. McGaughy then filed a petition for review of the Commission's decision in the appellate court. However, she named as respondents only the Commission and the Department of State Police, failing to name the Department of Human Rights. The appellate court held that this failure did not deprive it of jurisdiction, and reached the merits of the appeal. This court reversed, vacating the appellate court's judgment and dismissing the appeal because of McGaughy's failure to name the Department of Human Rights as a respondent in her petition for review.

Watts contends that *McGaughy* is distinguishable from the instant case because *McGaughy* involved the failure to name the Department of Human Rights, rather than the State of Illinois. Watts notes that the appeal in *McGaughy* was filed under the Illinois Human Rights Act (775 ILCS 5/8—101 *et seq.* (West 1994)), section 8—103(A) of which provides that "the Department [of Human Rights] shall be the respondent" when a petitioner requests the Human Rights Commission to review

a decision by the Department to dismiss a charge. See 775 ILCS 5/8—103(A) (West 1994). Watts observes that this court cited section 8—103(A) when we stated that the Department had to be named, because it was a party of record. See *McGaughy*, 165 Ill. 2d at 7. Accordingly, Watts argues, *McGaughy* is distinguishable because in that case "a statute required the Department to be named as party [*sic*] of record in a petition for review" whereas "[n]o statute requires that the State be separately named in all instances as a respondent in a petition for review from a Pollution Control Board decision."

Watts' argument fails. Section 8—103(A) of the Human Rights Act mandates that the Department of Human Rights be named a respondent in an appeal from the Department to the Human Rights Commission, not in an appeal from the Commission to the appellate court. 775 ILCS 5/8—103(A) (West 1992). No statute explicitly required that the Department be named a respondent in a petition for review in the appellate court. Rather, section 8—111(A)(1) of the Human Rights Act simply required that any petition for review be filed "in accordance with Supreme Court Rule 335." 775 ILCS 5/8—111(A)(1) (West 1992). Rule 335, a rule of general application to petitions for administrative review in the appellate court, merely required that such petitions name all parties of record. In *McGaughy* this court plainly held that the Department was required to be named in the petition for review in the appellate court because it was "a party of record" to the administrative proceedings. We did not, as Watts appears to suggest, hold that section 8—103(A) directly required that the Department be named a respondent in the appellate court. In the instant case, although no statute explicitly specifies that the State is a party of record to the administrative proceeding, its status as such could not be more clear. It was, after all, the State which instituted the proceedings before the Board by filing charges against Watts.

Watts next argues that the Board is an "arm" of the State such that the Board and the State "constitute a single party" for purposes of the petition. Accordingly, Watts argues, the petition should not be dismissed for failure to name the State since Watts did name the Board. In support of this argument Watts relies on *Bulk Terminals Co. v. Environmental Protection Agency*, 29 Ill. App. 3d 978 (1975), *rev'd*, 65 Ill. 2d 31 (1976). Specifically, Watts relies on a statement in the appellate court opinion that the Pollution Control Board and the Environmental Protection Agency "are not sovereign entities; they are the State of Illinois acting through different agencies." *Bulk Terminals*, 29 Ill. App. 3d at 983. *Bulk Terminals* is clearly distinguishable from the instant case. *Bulk Terminals* involved double jeopardy and *res judicata*, not administrative review. Also, on appeal this court reinstated the circuit court's dismissal of the complaint for failure to exhaust administrative remedies, which calls into question whether the appellate court opinion retains any vitality whatsoever.

We see no reason to treat the Board and the State as one and the same entity for purposes of appeal from the decision of an administrative agency. Our General Assembly has established the Board as an independent entity (415 ILCS 5/5(a) (West 1992)), with the powers to conduct hearings (415 ILCS 5/5(d) (West 1992)) and subpoena and compel the attendance of witnesses and evidence (415 ILCS 5/5(e) (West 1992)). The Board is not fungible with the State because the Board was the decisionmaker, in contrast to the prosecutorial role played by the State. See 415 ILCS 5/31(c) (West 1992). Moreover, as the appellate court noted in this case, the Board and the State are not identical because their interests would diverge if the Board ruled against the State. Watts suggests that such a divergence could not occur in a case involving the failure to name the State as a respondent,

because in any such case the State's opponent would be filing the appeal. Accordingly, the State would have been victorious before the Board and thus the State and the Board would both be arguing to uphold the Board's decision on appeal. However, the interests of the State and the Board could diverge even in such a case, if the State, for example, wished to press on appeal a theory which the Board had rejected. In any event, we see no basis for holding that the statutory requirement that a petitioner name as respondents all parties to an administrative hearing does not mean what it says when the State is one of the parties. See *Cuny v. Annunzio*, 411 Ill. 613, 616-17 (1952) (dismissing appeal for failure to name the administrative agency rendering the decision despite argument that the agency was "a division or arm of the Department of Labor," which had been named).

Watts further contends that *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 353 (1990), a case upon which we relied in *McGaughy*, is no longer good law because of subsequent statutory amendments. We disagree. In *Lockett* we held that the circuit court properly dismissed a petition for administrative review of a decision of the Chicago police board because the petitioner failed to name the superintendent of the Chicago police department as a respondent. Watts notes that the legislature has amended section 3—107(a) of the Review Law, the statute at issue in *Lockett*, to: allow a plaintiff 21 days to name and serve any party of record which the administrative agency failed to name as a party of record in the agency's final order; prohibit dismissal of actions for the failure to name an employee, agent, or member, acting in his official capacity, when the board, committee, agency, or governmental entity has been named; and provide that naming a director or agency head in his or her official capacity shall be deemed to include the agency, board, committee, or entity that the defendant directs or

heads. See 735 ILCS 5/3—107(a) (West 1998). We find no intent, in these changes, to overrule that portion of *Lockett* upon which we relied in *McGaughy*. The legislature has never generally departed from the requirement that a petition for administrative review in the circuit court must name all parties of record. See 735 ILCS 5/3—107(a) (West 1998). The only exceptions it has carved out are those enumerated above, none of which would help Watts even if section 3—107(a) controlled this case, which it does not. Section 113 of the Review Law and Rule 335, which do apply, explicitly direct that in a petition for review in the appellate court "the agency and all other parties of record shall be named respondents." Again, this language is clear and unambiguous. We see no basis for departing from the reasoning in *Lockett* that a party seeking administrative review must strictly comply with the statutes conferring jurisdiction, and—because the statutes require that all parties of record be named—therefore must name all parties or face dismissal, regardless of whether a named party might have a unity of interest with a party left unnamed.

Finally, Watts notes that at the time the instant case was dismissed by the appellate court, this court had previously entered supervisory orders in two other appeals by Watts from decisions of the Board. In each case the appellate court dismissed Watts' appeal and we directed the appellate court to vacate the dismissals and to address the appeals on the merits. *ESG Watts, Inc. v. Pollution Control Board*, 181 Ill. 2d 569 (1998). Watts contends that in the instant case the appellate court erred in failing to conform its result to the supervisory orders entered by this court in the other two unconsolidated cases. However, Watts cites no authority for the proposition that the appellate court is bound by supervisory orders entered in cases other than the case currently under consideration. Accordingly, Watts has

waived this argument. 177 Ill. 2d R. 341(e)(7) (argument shall contain citation of authorities); *People v. Buss*, 187 Ill. 2d 144, 246 (1999); *Brown v. Tenney*, 125 Ill. 2d 348, 362 (1988).

## CONCLUSION

For the reasons above stated, we affirm the judgment of the appellate court.

*Appellate court judgment affirmed.*

JUSTICE MILLER took no part in the consideration or decision of this case.