COOK COUNTY SHERIFF'S ENFORCEMENT ASSOCIATION, Petitioner, v. THE COUNTY OF COOK *et al.*, Respondents.

First District (1st Division)    No. 1—99—3710

Opinion filed June 25, 2001.

Andrew W. Levenfeld & Associates, Ltd., of Chicago (Barry Thorpe and Andrew Levenfeld, of counsel), for petitioner.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Mary E. Welsh, Assistant Attorney General, of counsel), for Illinois Local Labor Relations Board.

JUSTICE McNULTY delivered the opinion of the court:

Petitioner Cook County Sheriff's Enforcement Association (Association) appeals an order of the Illinois Local Labor Relations Board (ILLRB) dismissing the Association's representation petition. For the reasons set forth below, we dismiss the Association's petition for review and deny the Association leave to amend its petition.

The Association filed an amended petition with the ILLRB to sever certain deputy sheriffs employed by respondents Cook County and the sheriff of Cook County from the union representation of respondent International Brotherhood of Teamsters, Local 714 (Teamsters). The administrative law judge (ALJ) for the ILLRB recommended the petition be dismissed without a hearing for lack of reasonable cause to believe a severance election should be ordered. Although the Association filed exceptions to the ALJ's recommendation, the ILLRB dismissed the petition in a final order.

The Association filed in this court a petition for review pursuant to the Illinois Public Labor Relations Act (5 ILCS 315/9 (West 1998)). While the petition named Cook County, the sheriff of Cook County, and the Teamsters as respondents, the petition did not name the ILLRB, which was listed as a party of record in the ILLRB's final order. The ILLRB filed a motion to dismiss the petition for direct review, arguing that section 3—113 of the Administrative Review Law (Review Law) (735 ILCS 5/3—113 (West 1998)) and Supreme Court Rule 335 (155 Ill. 2d R. 335) prohibit appellate review of petitions that fail to

name all parties of record. In response to the ILLRB's motion, the Association filed a motion for leave to file an amended petition for review. These motions were taken with the case.

•1, 2 The appellate court's power to review administrative decisions derives not from the Illinois Constitution but from the legislature. Ill. Const. 1970, art. VI, § 6. See also *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29, 727 N.E.2d 1022 (2000). The appellate court "has only such power of direct review as the legislature may provide." *Central City Education Ass'n v. Illinois Educational Labor Relations Board*, 149 Ill. 2d 496, 526-27, 599 N.E.2d 892 (1992), citing Ill. Const. 1970, art. VI, § 6. Here, our power to review the ILLRB's dismissal of the Association's petition comes from section 9 of the Illinois Public Labor Relations Act (5 ILCS 315/9 (West 1998)), which provides in pertinent part:

> "Any person aggrieved by any such order *** may apply for and obtain judicial review in accordance with provisions of the Administrative Review Law, as now or hereafter amended, except that such review shall be afforded directly in the Appellate Court for the district in which the aggrieved party resides or transacts business. Any direct appeal to the Appellate Court shall be filed within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 5 ILCS 315/9(i) (West 1998).

Section 9 of the Illinois Public Labor Relations Act incorporates by reference the requirements of the Review Law. Section 3—113(b) of the Review Law controls the direct review of administrative decisions in the appellate court.[1] Section 3—113(b) provides:

> "The petition for review shall be filed in the appellate court and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record shall be named as respondents. *If,*

---

[1]The committee comments following Supreme Court Rule 335 state that the rule "prescribes the procedure for the review of orders of any agency which the legislature has assigned to the Appellate Court." 155 Ill. 2d R. 335, Committee Comments. Thus, a petitioner must follow Rule 335 as well as section 3—113(b) of the Review Law when petitioning the appellate court to review ILLRB decisions. The language of Rule 335 mirrors that of section 3—113: "The petition for review shall be filed in the Appellate Court and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record shall be named as respondents." 155 Ill. 2d R. 335(a). Since the language is identical, we will refer only to the petitioner's compliance with section 3—113.

*during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant.* The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require." (Emphasis added.) 735 ILCS 5/3—113(b) (West 1998).

Section 3—113 requires a party seeking appellate review of an administrative agency's order to include in its petition for review all parties of record. If the petitioner fails to include all parties of record in its petition, the section permits the petitioner to amend its petition for review only if the unnamed party was not named by the administrative agency in the final order.

●3 The Illinois Supreme Court recently reaffirmed that appellate review of administrative decisions requires special statutory jurisdiction and that, therefore, the appellate court may not review an administrative decision unless there has been strict adherence to the procedures prescribed in the statute conferring jurisdiction. *ESG Watts*, 191 Ill. 2d at 30. In this case, the Association did not name the ILLRB, a party of record, in its petition for review as required by section 3—113 of the Review Law. Since the Association did not comply with section 3—113, the section that section 9 of the Illinois Public Labor Relations Act incorporates by reference, we cannot consider the appeal on the basis of the petition, as currently written. See *ESG Watts*, 191 Ill. 2d at 31.

The Association asserts that we should grant it leave to amend its petition for review. The Association maintains that it should be permitted to amend its petition under the good-faith-effort exception, a judicially created exception used to avoid dismissal when a petitioner fails to name a necessary party in its petition for review. See *Lipsey v. Human Rights Comm'n*, 267 Ill. App. 3d 980, 642 N.E.2d 746 (1994); *Environmental Control Systems, Inc. v. Pollution Control Board*, 258 Ill. App. 3d 435, 630 N.E.2d 554 (1994).

The Illinois Supreme Court recognized the good-faith-effort exception in *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 549 N.E.2d 1266 (1990). In *Lockett*, the appellee filed a complaint for administrative review in the circuit court pursuant to the Review Law but failed to name a necessary party in the petition and to issue a summons upon the unnamed party within 35 days. *Lockett*, 133 Ill. 2d at 351-52. In considering whether the appellee should have been allowed to

amend its complaint to add the necessary party, the court noted that the Review Law's 35-day limitation for the issuance of summons (Ill. Rev. Stat. 1985, ch. 110, par. 3—103) was mandatory, not jurisdictional, and that the failure to comply with the limitation did not deprive the court of jurisdiction. *Lockett*, 133 Ill. 2d at 355. The court reasoned that a plaintiff who failed to issue summons within 35 days could avoid dismissal if the plaintiff demonstrated a good-faith effort to comply with the rule. *Lockett*, 133 Ill. 2d at 355. The court then determined that the appellee did not provide any evidence of a good-faith effort to comply with the 35-day summons limitation and that, consequently, the trial court properly dismissed the petitioner's complaint. *Lockett*, 133 Ill. 2d at 355-56.

The Illinois Supreme Court never has concluded that section 3—113's requirement of naming all parties of record is mandatory rather than jurisdictional. *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 11, 649 N.E.2d 404 (1995). In fact, in *McGaughy*, the supreme court deliberately opted not to make that determination but concluded that the failure to comply with the requirement compelled a dismissal whether the requirement was jurisdictional or mandatory. *McGaughy*, 165 Ill. 2d at 12. The supreme court also chose not to decide whether a petitioner could amend a petition that failed to comply with the requirement. *McGaughy*, 165 Ill. 2d at 12.

Nevertheless, some divisions of the appellate court have expanded *Lockett* and have found the joinder requirement for review of administrative decisions to be mandatory and not jurisdictional. *Lipsey*, 267 Ill. App. 3d 980 (held that the requirement to name all necessary parties under Supreme Court Rule 335 was mandatory and that the failure to comply with the requirement did not necessitate dismissal if the petitioner made a good-faith showing of compliance); *Environmental Control Systems*, 258 Ill. App. 3d 435 (found that the plain language of Supreme Court Rule 335, requiring a petitioner to name all parties of record, could be avoided if the petitioner showed a good-faith effort to comply with the rule). These decisions, however, preceded the legislature's amendment of section 3—113. But see *Bloom Township High School v. Illinois Commerce Comm'n*, 309 Ill. App. 3d 163, 173, 722 N.E.2d 676 (1999) (followed *Lipsey* and held that the requirement to name all necessary parties was mandatory).

Public Act 89—438, effective December 15, 1995, added language to section 3—113 that specified when the appellate court may allow amendment to a petition if the petitioner fails to name a necessary party. Under the amended statute, the court may grant leave to amend the defective petition *"only* if that party was not named by the administrative agency in its final order as a party of record." (Emphasis added.) 735 ILCS 5/3—113 (West 1998).

"It is presumed that every amendment to a statute is made for some purpose, and effect must be given to the amendment in a manner consistent with that purpose." *In re Marriage of Hawking*, 240 Ill. App. 3d 419, 424, 608 N.E.2d 327 (1992). A material amendment to a statute creates a rebuttable assumption that the legislature intended to change the existing law. *State v. Mikusch*, 138 Ill. 2d 242, 252, 562 N.E.2d 168 (1990).

Applying the maxim that the best evidence of a legislature's intent is found in the plain language of a statute (*Kunkel v. Walton*, 179 Ill. 2d 519, 534, 689 N.E.2d 1047 (1997)), we conclude that, through the amendment, the legislature intended to limit when the appellate court may grant leave to amend a petition for review thereby precluding the application of the good-faith-effort exception to the joinder requirement. To interpret the legislature's intent otherwise would be to effectively read the language of the revision out of the statute. See *Shelton v. Industrial Comm'n*, 267 Ill. App. 3d 211, 217, 641 N.E.2d 1216 (1994) ("[S]tatutes are to be construed in a way which does not render the language meaningless or superfluous").

In the instant case, the ILLRB specifically named itself as a party of record in its final order. Since the exception in section 3—113 does not apply, the Association may not amend its petition for review.

For the aforementioned reasons, we grant the ILLRB's motion to dismiss the Association's petition for review and deny the Association's motion for leave to amend its petition.

Appeal dismissed.

TULLY and COHEN, JJ., concur.