SECOND DIVISION

NOVEMBER 02, 2004

  (Nunc pro tunc 9/28/04)

No. 1-03-0521 

VOGUE TYRE AND RUBBER COMPANY, ) 
On Petition for

an Illinois Corporation, ) 
Review of an Order

) 
of the Illinois

Petitioner-Appellant, ) Pollution Control

) Board

v. )

) 

OFFICE OF THE STATE FIRE MARSHAL ) No. PCB 95-78

OF THE STATE OF ILLINOIS, )

) 

Respondent-Appellee. ) 

JUSTICE GARCIA delivered the opinion of the court.

Petitioner, Vogue Tyre & Rubber Company (Vogue), appeals from a decision of the Illinois Pollution Control Board (Board) granting summary judgment in favor of respondent, the Office of the State Fire Marshal (OSFM).  Vogue argues summary judgment was not appropriate and that it is entitled to reimbursement from the leaking underground storage tank fund (UST fund).  The OSFM filed a motion to dismiss the appeal, arguing this court lacks jurisdiction because Vogue failed to name the Board in its petition for direct review.  We dismiss the appeal.  

I. Background

Vogue manufactures and distributes custom-built, after-market tires for use on luxury automobiles.  Prior to 1994, Vogue also owned a service station located at 4801 Golf Lake Road in Skokie, Illinois.  Before May 15, 1986, the Golf Lake property housed four underground storage tanks.  Only tanks one and two are at issue in this appeal.

Tanks one and two were installed in 1966 and were used to store petroleum until 1985.  On May 6, 1986, these tanks were properly registered with OSFM pursuant to the statute governing underground storage tank registration, "An Act relating to the investigation and prevention of fire" (the Act) (Ill. Rev. Stat., 1985, ch. 127½, par. 4).  Shortly after these tanks were registered with OSFM, they were removed from the ground.

In 1987, the registration provisions of the Act were repealed and replaced by the provisions of the Illinois Underground Storage Tank program (Program) found in "An Act prescribing the color and label for gasoline or benzol receptacles" (the Gasoline Storage Act) (Ill. Rev. Stat., 1987, ch. 127½, pars. 156 through 159).  These amendments, in conjunction with amendments to the Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1001 
et
 
seq
.), established the fund.  Ill. Rev. Stat. 1987, ch. 111½, par. 1022.12(a).  Pursuant to these amendments, any owner who registered its tank in compliance with the Act would be deemed to have registered its tank under the Gasoline Storage Act.  Ill. Rev. Stat. 1987, ch. 127½, par. 156(b)(2).  The Gasoline Storage Act was further amended in 1993 and relevant portions now read "[n]o underground storage tank otherwise required to be registered *** may be registered under this Act if that tank was removed before September 24, 1987."  430 ILCS 15/4(b)(1)(A) (West 2002).   

In February 1993, OSFM issued an administrative order informing Vogue that tanks one and two were "no longer registrable" because they had been removed from the ground prior to September 24, 1987.  Vogue received no notice and no administrative hearing was held before the order was issued.  The order did, however, inform Vogue of its right to appeal.  The order read "[s]hould you elect to appeal this [o]rder, your request must be made within 10 days, not including the date of receipt; otherwise, you forfeit the right to appeal."  Vogue did not appeal the order.  

In December 1994, Vogue reported a petroleum release from tanks one and two to the Illinois Emergency Management Agency (IEMA).  Vogue sought reimbursement from the OSFM for monies paid for corrective action under the UST fund.  In February 1995, the OSFM denied Vogue's request for funding.  Vogue was ineligible for the funding because tanks one and two had been removed from the Golf Lake property prior to September 24, 1987, and were therefore not registrable.  Vogue then filed a petition for administrative review before the Board.  At Vogue's request, the proceedings before the Board were stayed until April 2002.  

In September 2002, OSFM filed a motion for summary judgment with the Board, arguing that because Vogue's tanks were not registered, they were not eligible for reimbursement.  The Board granted OSFM's motion.  The Board explained that under section 7(b) of the Gasoline Storage Act (430 ILCS 15/7(b) (West 2000)), it did not have the power to review registration decisions made by the OSFM.  Vogue's failure to appeal OSFM's 1993 order de-registering the tanks resulted in a final order that was not appealable before the Board.  Therefore, because Vogue's tanks were not registered, Vogue was not eligible to receive UST funds.

In January 2003, Vogue filed a motion to reconsider with the Board.  Vogue argued the Board misapplied section 7(b) of the Gasoline Storage Act and in fact, had the power to review the de-registration order.  The Board denied Vogue's motion.  This appeal followed.         

II. Analysis

Vogue argues the Board had authority to review OSFM's 1993 deregistration decision and contends that had the Board reviewed the decision, the Board would have concluded that the tanks were properly registered and Vogue was entitled to reimbursement.  The OSFM filed a motion to dismiss the appeal for lack of jurisdiction because Vogue failed to name the Board in its petition for review.  Vogue then filed a motion for leave to amend its petition to name the Board as a respondent.  Both motions were taken with the case.

A. Failure to Name the Board  

We must first determine the effect of Vogue's failure to name the Board as respondent in its petition for review with this court.  This jurisdictional question is a question of law and the standard of review is 
de
 
novo
.  See 
Cameron v. Owens-Corning Fiberglas Corp.
, 296 Ill. App. 3d 978, 983, 695 N.E.2d 572 (1998).

Illinois appellate courts have power to directly review administrative actions only "as provided by law."  Ill. Const. 1970, art. VI, § 6; see also 
ESG Watts, Inc. v. Pollution Control Board
, 191 Ill. 2d 26, 29, 727 N.E.2d 1022 (2000)
.  In this case, section 41(a) of the Environmental Protection Act (415 ILCS 5/41(a) (West 2002)) authorizes direct review of Board decisions to the appellate court.  Section 41(a) provides that any party adversely affected by a final order or determination of the Board "may obtain judicial review, by filing a petition for review ***, under the provisions of the Administrative Review Law, as amended[,] and the rules adopted pursuant thereto."  415 ILCS 5/41(a) (West 2002). 

Section 41(a) therefore incorporates by reference the requirements of and the rules adopted pursuant to the Administrative Review Law (Review Law) (735 ILCS 5/3-101 through 3-113 (West 2002)).  Section 3-113(b) of the Review Law (735 ILCS 5/3-113(b) (West 2002)) and Supreme Court Rule 335(a) (155 Ill. 2d R. 335(a)) specifically apply to petitions for direct review of administrative orders in the appellate court.  Section 

3-113(b) and Rule 335(a) are identical with respect to who must be named as a respondent and provide that a petition for review "shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed.  The agency and all other parties of record shall be named respondents."  735 ILCS 5/3-113(b) (West 2002); 155 Ill. 2d R. 335(a); see also 
ESG Watts
, 191 Ill. 2d at 29-30. 

Illinois appellate courts exercise special statutory jurisdiction when reviewing administrative actions.  
McGaughy v. Illinois Human Rights Comm'n
, 165 Ill. 2d 1, 6-7, 649 N.E.2d 404 (1995).  The court's power to review is limited by the language of the act conferring the jurisdiction.  
McGaughy
, 165 Ill. 2d at 7.  Accordingly, a party seeking to invoke special statutory jurisdiction must strictly adhere to procedures in the statute.  
McGaughy
, 165 Ill. 2d at 12. 

This point is reinforced by section 3-102 of the Review Law, which states that "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency 
shall be barred from obtaining judicial review of such administrative decision
."  (Emphasis added.)  735 ILCS 5/3-102 (West 2002).  In this case, strict compliance with section 41(a), which incorporates by reference the requirements of and the rules adopted pursuant to the Review Law, is required before an appellate court can consider the appeal.  See 
ESG Watts
, 191 Ill. 2d at 31.

Although the language in section 3-113(b) of the Review Law (735 ILCS 5/3-113(b) (West 2002)) and Rule 335(a) (155 Ill. 2d R. 335(a)) clearly and unambiguously state that "[t]he agency and all other parties of record shall be named respondents," and the record is clear that Vogue failed to name the Board in the caption of its petition, Vogue contends that its petition sufficiently complied with these statutory requirements.  Specifically, Vogue points out that (1) Vogue specifically sought relief against the Board, (2) the notice of appeal and petition were timely served upon the Board, and (3) the petition specifically identified the Board's order being appealed from and prominently mentioned the Board in two separate places in the petition.  Vogue contends that these actions, when taken together, identify the Board as a respondent.  To support this contention, Vogue cites 
McGaughy
, 
New York Carpet World, Inc. v. Department of Employment Security
, 283 Ill. App. 3d 497, 669 N.E.2d 1321 (1996), and 
Aero Testing & Balancing Systems, Inc. v. Human Rights Comm'n
, 185 Ill. App. 3d 956, 541 N.E.2d 1229 (1989), 
overruled on other grounds by
 
Castaneda v. Illinois Human Rights Comm'n
, 132 Ill. 2d 304, 330, 547 N.E.2d 437 (1989).  We find, however, these cases support the rule of strict compliance.

In 
Aero Testing & Balancing Systems
, 185 Ill. App. 3d at 958, Aero, a division of Climatemp, Inc., appealed from a decision of the Illinois Human Rights Commission, which held that Aero discriminated against an employee on the basis of his handicap.  The employee moved to dismiss Aero's appeal.  The employee argued the heading of Aero's petition failed to include the name Climatemp and Aero did not name itself as a separate legal entity but solely as a division of Climatemp.  The appellate court held that no jurisdictional problem existed based on this caption because it was identical to the heading used by the Human Rights Commission.  
Aero Testing & Balancing Systems
, 185 Ill. App. 3d at 959.  This case did not involve a failure to name the agency as a respondent and is not helpful in our review. 

In 
McGaughy
, a consolidated appeal, petitioners sought review from orders filed by the Illinois Human Rights Commission that were in response to decisions from the Department of Human Rights (Department).  The parties failed to name the Department in their petitions for review but argued substantial compliance based on the fact the Department was served with the notices of appeal and petitions.  The supreme court held that strict compliance, not substantial compliance, was required under the Review Law.  
McGaughy
, 165 Ill. 2d at 14.  The fact that the petitioners met the service requirement under Rule 335(b) did not relieve them of their obligation to name all necessary parties in the petition.  
McGaughy
, 165 Ill. 2d at 14-15.  The court dismissed the petitions.  

Additionally, in 
New York Carpet World
, the petitioner failed to name the party of record in the caption of the complaint but named the party in the body of the complaint.  That court explained that the "Review Law has been strictly interpreted to require that a defendant be named in the caption, and it is not sufficient to name a party in the body of the complaint."  
New York Carpet World
, 283 Ill. App. 3d at 501.  

"[A] rule of strict construction of petitions for administrative review is proper and necessary" and is mandated 
by the precedent of the Supreme Court of Illinois.  
ESG Watts
, 191 Ill. 2d at 32.  
McGaughy
 and 
New York Carpet World
 both reinforce this rule.  Because Vogue failed to strictly comply with section 3-113(b) of the Review Law and Rule 335(a), we must dismiss its appeal unless Vogue can be granted leave to amend its petition for review.  

B. Leave to Amend

Where a petitioner fails to include the agency and all parties of record as respondent in its petition for review, section 3-113(b) of the Review Law permits a petitioner to amend its petition only if the unnamed party was a party of record and was not named by the administrative agency in its final order.  735 ILCS 5/3-113(b) (West 2002).  Section 3-113(b) provides:

"If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant."  735 ILCS 5/3-113(b) (West 2002). 

See also 
United Methodist Village Retirement Communities, Inc. v. Property Tax Appeal Board
, 321 Ill. App. 3d 456, 460-61, 748 N.E.2d 1230 (2001) (amendment allowed where a party of record was not listed as such in the final order); 
Villa Retirement Apartments, Inc. v. Property Tax Appeal Board
, 302 Ill. App. 3d 745, 750-51, 706 N.E.2d 76 (1999) (amendment allowed where an unnamed party was referenced in the final order but not named as a party of record).  

Vogue argues the Board was a party of record but because it was not named as such in its final order, it should be allowed to amend its petition.  Vogue relies on 
Cook County Sheriff's Enforcement Ass'n v. County of Cook
, 323 Ill. App. 3d 853, 753 N.E.2d 309 (2001), to support its argument.  In that case, the petitioner appealed an order of the Local Panel of the Illinois Labor Relations Board (ILRB).  Petitioner failed to name the ILRB as a respondent for review even though the ILRB had named itself as a party of record in its final order.  The ILRB then moved to dismiss the appeal and the petitioner sought leave to amend its petition.  The appellate court considered the language of section 3-113(b) of the Review Law and explained that an amendment to a petition for review was allowed only where
 the party was not named by the administrative agency in its final order as a party of record.  
Cook County Sheriff's Enforcement Ass'n
, 323 Ill. App. 3d at 858.  Because the ILRB had named itself as a party of record, the petition could not be amended and the court granted the ILRB's motion to dismiss.

Although 
Cook County Sheriff's Enforcement Ass'n
 is instructive, it never reached the question of whether a petition that fails to name the administrative agency as a respondent can be amended when the administrative agency did not name itself as a party of record.  This question was reached in 
County of Cook v. Illinois Labor Relations Board Local Panel
, 347 Ill. App. 3d 538, 807 N.E.2d 613 (2004)
.  In 
County of Cook
, a consolidated case, the Illinois Fraternal Order of Police Labor Council (IFOP) filed a charge with the State Panel of the ILRB alleging that the office of the Cook County State's Attorney (State's Attorney) engaged in unfair labor practices.  Following an investigation, the ILRB issued a complaint against the State's Attorney.  An administrative law judge (ALJ) issued a decision that the State Panel of the ILRB adopted.  The State's Attorney filed a timely petition for direct review of the decision of the State Panel of the ILRB in the appellate court.  
County of Cook
, 347 Ill. App. 3d at 544-45.  In its petition, the State's Attorney named the IFOP as respondent but failed to name the State Panel of the ILRB.  The petition was served on both the IFOP and the ILRB and stated that State's Attorney was seeking review of the decision and order issued by the State Panel of the ILRB.  
County of Cook
, 347 Ill. App. 3d at 553.      

The ILRB moved to dismiss the complaint for lack of jurisdiction based on the State's Attorney's failure to name the ILRB as a respondent.  The State's Attorney sought to leave to amend its petition and argued that the failure was a technical oversight.  The appellate court denied the motion to dismiss and granted the State's Attorney's motion to amend.  The ILRB then challenged that decision and the appellate court dismissed the appeal.  
County of Cook
, 347 Ill. App. 3d at 554.

The 
County of Cook
 court explained, as we have above, that administrative review actions taken directly to the appellate court involve the exercise of "'special statutory jurisdiction'" (
County of Cook
, 347 Ill. App. 3d at 554, quoting 
McGaughy
, 165 Ill. 2d at 6-7) and parties are required to strictly comply to the procedures in the statute.  Section 11(e) of the Illinois Public  Labor Relations Act (5 ILCS 315/11(e) (West 2000)), upon which the 
County of Cook
 claim was based, incorporated by reference the requirements of the Review Law, including section 3-113(b).  
County of Cook
, 347 Ill. App. 3d at 554
.  Thus, the State's Attorney was required to name the ILRB as a respondent.

Like Vogue does in the case before us, the State's Attorney relied on the decision in 
Cook County Sheriff's Enforcement Ass'n
 to support its argument.  The 
County of Cook
 court however, looked to plain language of section 3-113(b) and explained: 

"In the instant case, the State's Attorney sought to amend its petition for review to name as a respondent the State Panel of the ILRB, the agency which issued the final opinion and order.  Section 3-113 does not provide an exception which would allow the State's Attorney to amend its petition for review to name the agency as a respondent.  Therefore, the State's Attorney's failure to name the State Panel of the ILRB as a respondent in its original petition for review is a defect which requires us to dismiss the instant appeal."  
County of Cook
, 347 Ill. App. 3d at 555.

Strict adherence to the procedures of the Review Law and the supreme court rules is required and section 3-113(b) does not provide an exception that allows a petitioner to amend its petition for review to name the agency as respondent.  The "good-faith effort" exception advocated by Vogue was applied by the court in 
Worthen v. Village of Roxana
, 253 Ill. App. 3d 378, 382, 623 N.E.2d 1058 (1993), before the legislature amended section 

3-113(b) of the Review Law to specifically delineate when a petitioner is allowed to amend its petition for review.  See 
Cook County Sheriff's Enforcement Ass'n
, 323 Ill. App. 3d at 858 (explaining that "through the amendment, the legislature intended to limit when the appellate court may grant leave to amend a petition for review thereby precluding the application of the good-faith-effort exception to the joinder requirement").  

We are bound to enforce the plain language of section 3-113 of the Review Law, and because Vogue failed to name the Board as a respondent and Vogue is not permitted to amend its petition for review, this court lacks jurisdiction to hear this appeal.  We therefore dismiss this appeal.
 

III. Conclusion

For the reasons stated, we dismiss this appeal.

Appeal dismissed.

BURKE, P.J., and WOLFSON, J., concur.