2025 IL App (1st) 231423-U

No. 1-23-1423

Order filed May 14, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| VINCENT BRADFORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CH 261 |
| | ) | |
| UNIVERSITY CIVIL SERVICE MERIT BOARD OF | ) | |
| THE UNIVERSITY CIVIL SERVICE SYSTEM, THE | ) | |
| UNIVERSITY OF ILLINOIS AT CHICAGO, and THE | ) | |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (University Civil Service Merit Board of the University | ) | Honorable |
| Civil Service System and The Board of Trustees of the | ) | Allen P. Walker, |
| University of Illinois, Defendants-Appellees). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in dismissing plaintiff's second amended complaint for administrative review where plaintiff failed to timely file his second amended complaint and join and serve a necessary party.

¶ 2    Plaintiff Vincent Bradford appeals *pro se* from the circuit court's dismissal with prejudice pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)) of his complaint for administrative review of the final decision of the University Civil Service Merit Board of the University Civil Service System (Merit Board) terminating his employment with the Board of Trustees of the University of Illinois (Board of Trustees). Bradford argues, in relevant part, that he properly served the University three times with the complaint although the University was not a party before the Merit Board. We affirm.[1]

¶ 3    We recount the proceedings only to the extent necessary to understand the issues on appeal.

¶ 4    Following an administrative hearing before the Merit Board, Bradford was terminated from his position as a human resources associate with the University of Illinois at Chicago based on findings that (1) he failed to communicate to his supervisor regarding his ability to work, (2) he failed to respond to an order to report to work, (3) he took multiple unapproved and unexcused absences exceeding 30 days, and (4) he failed to communicate with his supervisor during said absences. The Merit Board issued its final decision on December 10, 2020, and mailed it to Bradford on December 18, 2020. The Merit Board's notice of its final decision stated that Bradford could seek judicial review, which "shall be commenced by the filing of a complaint and the issuance of a summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the parties affected thereby."

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 5    On January 19, 2021, Bradford filed a *pro se* complaint in the circuit court seeking administrative review and reversal of the Merit Board's decision. Bradford filed an amended complaint on May 21, 2023. The Merit Board was the only named defendant in the complaint and amended complaint.

¶ 6    On October 6, 2021, the Merit Board filed a motion requesting the court to determine that Bradford failed to name and serve all necessary parties and allow him 35 days to amend his complaint and serve summons accordingly. Specifically, the Merit Board argued that the Board of Trustees, as Bradford's employer, was a necessary party to the proceedings. On October 27, 2021, the court allowed Bradford until November 12, 2021, to file an amended complaint "naming the University of Illinois" as a defendant and until December 13, 2021, to serve the parties with the amended complaint.

¶ 7    On November 11, 2021, Bradford filed an amended complaint naming the Merit Board and "The University of Illinois at Chicago" as defendants. His certificate of service shows that he served summons to "University Legal Counsel" at the business address of an attorney who had represented the Board of Trustees at the Merit Board proceedings.

¶ 8    On December 29, 2021, Bradford filed a motion for default judgment against the Board of Trustees, arguing that it failed to file an appearance, answer, or otherwise plead. In response, the Board of Trustees filed a motion *instanter* to dismiss the amended complaint for failure to name and serve a necessary party, namely "The Board of Trustees of the University of Illinois."

¶ 9    In January 2022, while these motions pended, the judge recused herself. In July 2022, the case was reassigned to another judge, and the Board of Trustees renewed its motion to dismiss.

¶ 10     On February 8, 2023, the court conducted a hearing and ruled that "the Board of Trustees of the University of Illinois is a necessary party" and had not been named as a defendant. The court again granted Bradford leave to name and serve that necessary party within 35 days.

¶ 11     According to the record, Bradford was incarcerated in Taylorville Correctional Center at the time he filed a second amended complaint naming the Merit Board, the University of Illinois at Chicago, and "The Board of Trustees of the University of Illinois." The amended complaint shows a file-stamp date of March 17, 2023. Bradford's affidavit, dated February 23, 2023, was submitted with his complaint and lists the addresses of the three named defendants. The envelope reflects a postage meter stamp bearing a date of March 6, 2023, and a filed stamp date of March 17, 2023. Bradford did not include a certificate of service pursuant to section 1-109 of the Code (735 ILCS 5/1-109 (West 2022)). Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017).

¶ 12     Following a status hearing on March 24, 2023, the court entered an order noting that "[t]he Board of Trustees of the University of Illinois has not been named and served and this Court previously determined that the Board of Trustees of the University of Illinois is a necessary party." The court set a briefing schedule to allow the Merit Board and "[n]on-party the Board of Trustees of the University of Illinois" to file motions to dismiss, and Bradford to respond.

¶ 13     The Merit Board moved to dismiss pursuant to section 2-619(5) of the Code (735 ILCS 5/2-619(5) (West 2022)), noting that on February 8, 2023, the circuit court granted Bradford leave to file an amended complaint within 35 days. Bradford, however, filed his amended complaint 37 days later and therefore did not timely join and serve all necessary parties. The Board of Trustees moved to dismiss for failure to join and serve a necessary party pursuant to section 2-619(9) of the Code (735 ILCS 5/2-619(9) (West 2022)).

¶ 14    On July 7, 2023, the court granted both motions and dismissed the case with prejudice. The court noted that Bradford "failed to name and serve the Board of Trustees of the University of Illinois within 35 days from the date of the Court's determination that the [Board of Trustees] was a necessary party of record to the administrative proceedings."

¶ 15    On appeal, Bradford challenges the dismissal of his complaint seeking administrative review.

¶ 16    Section 2-619 motions to dismiss admit the legal sufficiency of the pleading but contend that an affirmative matter precludes the claim. *In re Marriage of Andrew*, 2023 IL App (1st) 221039, ¶ 36. A section 2-619 motion to dismiss is a proper method to attack a complaint seeking administrative review for failure to comply with filing and issuance of summons requirements. See, *e.g.*, *Ocampo v. Illinois Civil Service Comm'n*, 2024 IL App (1st) 230667-U, ¶ 25. [2] We review dismissals under section 2-619 *de novo*. *Id*.

¶ 17    "The provisions of the Administrative Review Law *** apply to and govern all proceedings for the judicial review of final administrative decisions of the Merit Board." 110 ILCS 70/36(e) (West 2022).

¶ 18    Administrative review involves the exercise of "special statutory jurisdiction." *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 30 (2000). Under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)), "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative

---

[2]Cited as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential orders entered under Rule 23(b) on or after January 1, 2021, may be cited for persuasive purposes).

decision." *Id.* § 3-102. Judicial review of a final administrative decision is commenced by filing a complaint and issuing the summons within 35 days from the date that a copy of the decision was served to the party seeking review. *Id.* § 3-103. The summons "shall be served by registered or certified mail on the administrative agency and on each of the other defendants." *Id.* § 3-105. If the court determines that an agency or a party of record to the administrative proceedings was not made a defendant as required, then the court shall grant the plaintiff 35 days from the date of the determination to join and serve the unnamed agency or party as a defendant. *Id.* § 3-107(a).

¶ 19    In this case, the circuit court did not err when it dismissed the administrative review complaint pursuant to section 2-619 of the Code where Bradford failed to join and serve a necessary party. Bradford's initial complaint only named the Merit Board as defendant. The court determined, on two occasions, that the Board of Trustees was a necessary party. We agree with that determination, given that the Board of Trustees was Bradford's employer and a party to the proceedings before the Merit Board. *Id.* Bradford was required to name and serve the Board of Trustees within 35 days of service of the Merit Board's final order. *Palos Bank & Trust Co. v. Illinois Property Tax Appeal Board*, 2015 IL App (1st) 143324, ¶ 11. Bradford received two opportunities, over a year apart, to amend his complaint to properly name and serve the Board of Trustees. He failed to do so both times.

¶ 20    The first time, in October 2021, Bradford named "the University of Illinois at Chicago" as defendant and served an attorney for the Board of Trustees, but not the Board of Trustees. As a result, the Board of Trustees was not joined or served at that time. See *Gunther v. State of Illinois Civil Service Comm'n*, 344 Ill. App. 3d 912, 915 (2003) (service on counsel for an agency did not meet service requirements). After the case was reassigned to a different judge, Bradford received

a second opportunity, on February 8, 2023, to name and serve the Board of Trustees. The court noted that Bradford was to name "the Board of Trustees of the University of Illinois" and again granted him 35 days to amend his complaint. 735 ILCS 5/3-107 (West 2022).

¶ 21 Bradford's amended complaint was stamped filed on March 17, 2023, 37 days after the court granted him leave to amend and serve the parties on February 8, 2023. Bradford did not provide a certificate of service pursuant to section 1-109 of the Code, establishing the date of mailing. See Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). As such, March 17, 2023, must be taken as the filing date. *People v. Shunick*, 2024 IL 129244, ¶ 12 (invoking the prison mailbox rule to overcome an untimely filed stamp requires adherence to Rule 12(b)(6) proof of service requirements). Because the amended complaint naming all necessary parties was not filed within 35 days of the court's order granting Bradford an extension of time to file and serve summons, his amended complaint was untimely filed. 735 ILCS 5/3-103 (West 2022). As Bradford did not file the amended complaint naming necessary parties within 35 days of the court's order granting him leave to amend, it follows that service of the summons on the Board of Trustees as a newly named defendant was not executed within the requisite time. The Board of Trustees, a necessary party to the proceedings, was therefore not properly named and served. *Id.* § 3-107(a).

¶ 22 Failing to join a necessary party to an administrative proceeding requires dismissal of the review proceeding. *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 12 (1995). Because Bradford failed to comply with the filing and service requirements of the administrative review law, the court properly dismissed his complaint for administrative review pursuant to section 2-619 of the Code. *Gunther*, 344 Ill. App. 3d at 914; see *Palos Bank & Trust Co.*, 2015 IL App (1st) 143324, ¶ 19 (failure to timely issue a summons provided grounds for dismissal).

¶ 23    Bradford contends that he served the University three times, but the record shows no evidence the Board of Trustees was served prior to March 2023. Bradford also contends that the Board of Trustees was not a party of record before the Merit Board. As stated, however, the Board of Trustees was his employer and a necessary party of record to this action. Bradford further contends that his mistake in naming the Board of Trustees as "the University of Illinois at Chicago" was a "misnomer" and the circuit court had the power to correct the misnomer. This argument fails for several reasons, including forfeiture because Bradford did not raise any such contention before the circuit court. See *Gunnison Commons, LLC v. Alvarez*, 2024 IL App (1st) 232176, ¶ 23 ("arguments not raised in the circuit court are forfeited and cannot be raised for the first time on appeal"). Forfeiture aside, in cases where a misnomer occurs, the court will not dismiss an action where the parties have been correctly joined and served but misnamed. 735 ILCS 5/2-401 (West 2022); *Campos v. Campos*, 342 Ill. App. 3d 1053, 1067-68 (2003). Here, Bradford failed to properly join and serve the Board of Trustees, even under an incorrect name. In sum, Bradford's failure to adhere to the filing and service requirements necessitated dismissal of his action seeking administrative review and precludes judicial review of the underlying administrative decision on the merits. 735 ILCS 5/3-102 (West 2022); *Gunther*, 344 Ill. App. 3d at 914.

¶ 24    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 25    Affirmed.